Mary Garfein
2469 Warren Lane
Walnut Creek, CA  94597
State Bar No: 195923
(925)788 - 8320
Attorney for Jorge Fernandes

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Suzanne D. Jackson        ) | Civil Action No.: 11-cv-02753-PJH |
|     Plaintiff                    ) | |
|                                        ) | Defendant Fernandes Reply |
| v                                    ) | to Plaintiff Jackson's |
|                                        ) | Opposition |
|                                        ) | |
| William Fischer, et al         ) | Date:  October 31, 2012 |
|     Defendants              ) | Time:  9:00 am |
|                                        ) | Judge:  Honorable Phyllis J. Hamilton |
|                                        ) | Courtroom 3, 3rd Floor |

-----------------------------------------------------------

Defendant, Jorge Fernandes, joins in Defendants Movia, Kulasooriya and New Moon Girl's Reply.

**1.  Points of Authority**

    a.  Defendant Fernandes incorporates by reference all of the legal arguments, case law, statutes and other points of authority set forth by Defendants Monvia, Kulasooriya and New Moon Girl.

**2.  Introduction**

The facts, as set forth in the Plaintiff's SAC, characterize Defendant Fernandes as a director of Defendant Monvia.  Plaintiff makes much of this relationship in her reply to Defendant Fernandes' Motion to Dismiss.  However, the statements attributed to Defendant Fernandes do not pertain to Monvia, or any other defendant named in this lawsuit, or any other company that Plaintiff invested in or loaned money to.  Further, there is not a single statement contained the SAC whereby Defendant Fernandes solicited, deceived or otherwise enticed Plaintiff Jackson to make any investment or loan to any company named in this lawsuit, or any other company that Plaintiff invested in or loaned money to.  Taking

all of the legal authorities cited by the other defendants, and even the Plaintiff, into account, by failing to state any fact that Defendant Fernandes did anything, said anything, directed anything or otherwise had anything to do with Plaintiff Jackson's investments in Upper Orbit leaves the court with no other option but to dismiss Plaintiff's SAC as to Defendant Fernandes.

3. Argument

   a. The SAC alleges that Defendant Fernandes was a director of defendant Monvia Inc. and the chief executive officer of MOBIbucks Corp. *See* SAC at ¶ 3. The SAC does not allege that Plaintiff Jackson invested in either Monvia or MOBIbucks.

   b. The SAC also alleges that Defendant Fernandes is currently the chairman of Vivotech, Inc. *See* SAC at ¶ 3. Although this statement is incorrect, the SAC does not allege that Plaintiff Jackson invested in Vivotech.

   c. The SAC alleges that Defendant Fischer told Plaintiff Jackson that they were about to close a deal with MOBIbucks in Dubai *See* SAC at ¶ 63(d). The SAC does not allege that Defendant Fernandes directed Defendant Fischer to tell Plaintiff Jackson about any deal in Dubai; the SAC does not allege that the statement was false; the SAC does not allege that Defendant Fernandes had an intent to deceive plaintiff through this statement, the SAC does not allege that Plaintiff Jackson relied on this statement in order to make an investment decision; and, finally, the SAC does not allege that Plaintiff Jackson invested directly, or through Upper Orbit, in MOBIbucks.

   d. The SAC alleges that, in June 2010, Defendant Fischer voiced his concerns to Plaintiff Jackson that they were "being cheated by" Defendant Fernandes and that Defendant Fernandes was ignoring his requests for information. *See* SAC at ¶ 68. The SAC also alleges that MOBIbucks had "pledged revenue and stock to defendant CII Limited." *See* SAC at ¶ 68. The SAC does not allege that either of these statements have anything to do with investments or loans made by Plaintiff Jackson either individually or through Upper Orbit. At the time these statements were made, The SAC admits that Defendant Fernandes no longer worked for, sat on the Boards of, or otherwise had any authority

or control in any of the Defendant Companies or any other company that Plaintiff Jackson invested in or loaned money to. *See* SAC at ¶ 68.

    e.  Plaintiff's reply to Defendant Fernandes' motion includes many unsupported, inflammatory statements about Defendant Fernandes, and his positions within some of the Defendant Companies, in order to entice the court to look away from the SAC and follow her down a rabbit hole.  Unfortunately, both the federal and state standards, as clearly articulated by the other defendants in their briefs, do not allow such an excursion.  The SAC, standing on its own, must allege facts that show the who, what, where, when and why of each claim against each defendant.  Plaintiff's attempt to group unrelated defendants to show a conspiracy against a widow is flawed.

4.  Summary

The SAC does not make a single statement directed to Defendant Fernandes for which relief can be granted under federal law, state law or common law.  To the extent that Plaintiff attempts to hold Defendant Fernandes liable through his association with the other Defendants in this lawsuit, Defendant Fernandes joins in their arguments as to why those claims also fail.

_____

**Mary C. Garfein**

**Attorney for Defendant Jorge Fernandes**