IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE D. JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM FISCHER., et al.,<br><br>    Defendants. | Case No.: C11-02753 PJH (JSC)<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. No. 148)** |

In this civil action, Plaintiff Suzanne D. Jackson, moves for Entry of Default Judgment against Defendant Upper Orbit, LLC ("Defendant"), seeking $13,516,968 in damages. This motion was referred to the undersigned Judge for a report and recommendation. Having reviewed the papers submitted in support of Plaintiff's request for default judgment, the Court orders Plaintiff to submit additional briefing in support of its motion for default judgment.

## BACKGROUND

Defendant Upper Orbit is a Minnesota limited liability company. (Second Amended Complaint ("SAC"), Dkt. No. 113, ¶ 13.) Its sole member is co-defendant William Fischer. (*Id.*) Defendant is one of 20 business entities, executives, and investors sued for misrepresentation and breach of fiduciary duty relating to a series of financial transactions. (*Id.* ¶¶ 2-21, 72-150.) After Defendant failed to file a responsive pleading to the SAC, Default

was entered against Defendant on September 24, 2012. (Dkt. No. 142 at 1.) The suit against Defendant Fischer, President of Upper Orbit, has been stayed pursuant to a bankruptcy stay in place for him. 11 U.S.C. § 362; (Dkt. No. 124 at 1.)

Plaintiff made two loans to Defendant that are the subject of this Motion. (*Id.* ¶¶ 33, 54-71.) First, on February 18, 2008, Plaintiff loaned Defendant $1,000,000 at an 8% interest rate in exchange for 40% of Defendant's profits from its trades, loans, and investments. (*Id.* ¶ 53.) The "loan was made subject to a Promissory Note ("Note 1")" and "was due on December 31, 2009." (Dkt. No. 148 at 4.) Note 1 indicates that the Defendant "agree[d] to make quarterly interest payments" of $20,000 and that "[i]f any installment under this Note is not paid when due and remains unpaid... the principal and accrued interest thereon shall at once become due and payable at a rate of Five (5%) percent per month thereafter." (Dkt. No. 148-2 at 4.) Plaintiff maintains that these terms provide that "in the event of default[,] interest at the rate of 5% per month would accrue—a term proposed and by [sic] Upper Orbit to assure the plaintiff that it would not default." (Dkt. No. 148 at 4.) Note 1 was signed by Mr. Fisher as Defendant's President. (Dkt. No. 148-2 at 4.) Plaintiff "agreed to the proposal" because of Mr. Fischer's "detailed" and "false" representations of his investing experiencing. (SAC ¶ 54.) Second, on April 25, 2008, Plaintiff loaned Defendant an additional $140,000 at an 8% interest rate. (Dkt. No. 148 at 4.) The loan was made subject to another Promissory Note ("Note 2") and "was due on December 31, 2009." (*Id.*)

Though Defendant made two initial interest payments for Note 1, it went into default on June 6, 2008. (Dkt. No. 148 at 4.) "[N]o payment was ever made" on Note 2. (*Id.*)

In the summer of 2008 Plaintiff requested that her funds be returned. (*Id.* ¶ 57.) Fischer indicated that he did not have "sufficient liquidity," and he "proposed a restructuring" of the loans. (*Id.* ¶ 56 (internal quotations omitted).) Fischer "presented claims of progress to assuage her concerns about her investments." (*Id.* ¶ 63.) Plaintiff unsuccessfully tried "to obtain information about the whereabouts and status of her investments." (*Id.* ¶ 64-65.). Fisher "made new investments and/or loans in the plaintiff's behalf" through Defendant until August 2008. (*Id.* ¶ 56.)

Plaintiff now moves for default judgment against Defendant in the amount of $13,516,968 in damages. (Dkt. No. 148 at 5.)

## DISCUSSION

After entry of default, a court may grant default judgment on the merits of the case. *See* Fed. R. Civ. P. 55. In the Ninth Circuit, a court's analysis of a motion for default judgment is guided by the standard set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Plaintiff has not addressed the *Eitel* factors in her motion for default judgment. Accordingly, Plaintiff is ordered to file a supplemental brief addressing the *Eitel* factors. *See Alan Neuman Productions, Inc., v. Albright*, 862 F.2d 1388, 1392 (discussing the legal sufficiency of the allegations contained in the complaint necessary for entry of default judgment).

The Court requires further briefing regarding two additional aspects of Plaintiff's motion for default judgment.  First, Plaintiff's counsel submitted an Excel Spreadsheet that "reflects calculations of interest ... made by programing the cells for the principal, interest and relevant dates to produce the calculated totals," but the Spreadsheet does not show the underlying formulas used to derive those calculations. (Dkt. No. 148-3 at 2, 5.) Regarding Note 1, Plaintiff maintains that Defendant owes $13,327,289 as of October 3, 2012. (Dkt. No. 148 at 4.).) Regarding Note 2, Plaintiff maintains Defendant owes $189,679 as of October 3, 2012. (*Id.* at 4-5.) The Court requires additional information regarding the underlying formulas; specifically, whether the interest rate was calculated by month or by year, and when or at what intervals the interest was compounded. Without this information the record provides an insufficient basis for determining an appropriate award.

Second, Plaintiff has not addressed that in this multi-defendant action it only seeks default judgment with respect to Defendant Upper Orbit. *See* Fed. R. Civ. P. 54(b). In *Frow v. De La Vega*, 82 U.S. 552 (1872), the Supreme Court held that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc., 253 F.3d 520, 532* (9th Cir. 2001). Courts take

varying views on *Frow*'s injunction against entering default judgments while claims remain pending against other defendants. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1008 (N.D. Cal. 2001) (discussing the various approaches courts have taken in these cases). Plaintiff shall address this issue, explain whether Plaintiff intends to hold the non-defaulting defendants jointly and severally liable, and discuss why judgment under Rule 54(b) is proper.

## CONCLUSION

Accordingly, Plaintiff shall file a supplemental brief addressing these issues by November 13, 2012. The hearing on Plaintiff's Motion for Default Judgment is reset to November 29, 2012 at 9:00 a.m.

Plaintiff has not yet served Defendant with a copy of the motion for default judgment. Plaintiff shall serve a copy of the motion for default judgment and this Order on Defendant within five days of this Order and shall file a proof of service with this Court.

**IT IS SO ORDERED.**

Dated: November 5, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE