1   The Law of Offices of Tom Chia-Kai Wang
     Tom Chia-Kai Wang (SBN 269050)
2   117 West 9th St., Suite 206
     Los Angeles, CA 90015
3   Telephone: (213) 290-0930
     Facsimile: (213) 210-2192

4

5   Attorneys for Defendants Mani Kulasooriya and
     Monvia, LLC

6

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9                 OAKLAND DIVISION

10

| | |
|---|---|
| 11   SUZANNE D. JACKSON, | Case No. 4:11-cv-02753-PJH |
| 12          Plaintiff, | **NOTICE OF MOTION AND MOTION OF DEFENDANTS MANI KULASOORIYA** |
| 13      v. | **AND MONVIA, LLC TO DISMISS THIRD AMENDED COMPLAINT;** |
| 14   WILLIAM FISCHER, JON SABES, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 15   STEVEN SABES, MARVIN SIEGEL, BRIAN CAMPION, LONNIE | |
| 16   BOOKBINDER, MANI KOOLASURIYA, JORGE FERNANDES, JOSHUA ROSEN, | Date: August 21, 2013 Time: 9:00 a.m. |
| 17   STEVE WATERHOUSE, JEAN PAUL a/k/a "BUZZY" LAMERE, UPPER ORBIT, | Judge: Honorable Phyllis J. Hamilton Courtroom: 3, 3rd Floor |
| 18   LLC, SPECIGEN, INC., PEER DREAMS INC., NOTEBOOKZ INC., | |
| 19   ILEONARDO.COM INC., NEW MOON LLC, MONVIA LLC, CII LIMITED, and | Complaint Filed:  June 6, 2011 Trial Date:  None |
| 20   SAZANI BEACH HOTEL, | |
| 21         Defendants. | |

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 21, 2013, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Phyllis J. Hamilton, United States District Judge, in Courtroom 3 of the above-entitled court, Defendants Mani Kulasooriya and Monvia, LLC shall and hereby do move, pursuant to pursuant to Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and Section 21D(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78u-4(b) for an order dismissing without leave to amend Plaintiff's Third Amended Complaint.   This motion will be based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the complete files and records herein, and the argument and other evidence to be presented at the hearing of this matter.


Dated: May 28, 2013                    **THE LAW OFFICES OF TOM CHIA-KAI WANG**

                                       By: /s/ Tom Chia Kai Wang

                                       Tom Chia Kai Wang

                                       Attorney for Defendants Mani Kulasooriya and Monvia, LLC

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ...................................................................................................1

SUMMARY OF FACTS .........................................................................................3

ARGUMENT ..........................................................................................................3

I.     LEGAL STANDARD FOR MOTIONS TO DISMISS, RULE 9
AND THE PSLRA ..........................................................................................3

II.    PLAINTIFF LACKS STANDING TO BRING THIS ACTION BECAUSE SHE
DID NOT PURCHASE OR SELL MONVIA SECURITIES ...............................4

III.   THE TAC FAILS TO PLEAD WITH PARTICULARITY AS REQUIRED BY
RULE 9 ...........................................................................................................5

IV.  THE TAC SHOULD BE DISMISSED UNDER RULE 8 BECAUSE RULE 9 IT
LACKS A "SHORT AND PLAIN STATEMENT OF THE CLAIM" ..............................6

V.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST MONVIA FOR A
VIOLATION OF SECTION 10(B) OF THE 1934 ACT AND RULE 10B-5 ...................6

    A.    Plaintiff's 1934 Act Claim Against Monvia Is Time-Barred.................................6

         1.    Plaintiff fails to allege any applicable tolling doctrine to save her 1934
Act claim ...........................................................................................7

    B.    The TAC Fails To State A Claim Against Monvia Based On Statements
Made By Mr. Fischer, Because Monvia Was Not The Maker Of The
Statements ...........................................................................................8

         1.    The TAC does not and cannot allege a factual basis for holding
Monvia vicariously liable ....................................................................11

            a)  The TAC fails to allege a basis for holding PeerDreams liable............11

            b)  Monvia is not an alter ego of PeerDreams ...........................................11

    C.    Plaintiff Fails To Plead Falsity ...........................................................12

         1.    Plaintiff fails to allege that Monvia owed or breached a duty to
disclose...........................................................................................13

    D.    The TAC Does Not Adequately Allege Scienter Against Monvia .....................13

         1.    The TAC has not pled corporate scienter ...................................................13

    E.    Plaintiff Has Not Pled Reliance ...........................................................14

ii

NOTICE OF MOTION AND MOTION OF DEFENDANTS MANI KULASOORIYA AND MONVIA, LLC TO DISMISS THIRD AMENDED
COMPLAINT (4:11-cv-02753-PJH); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

F.      The TAC Fails To Plead Adequately That Monvia's Conduct Caused Plaintiff's Alleged Loss .................................................................................14

VI.    PLAINTIFF HAS NOT ALLEGED CONTROL PERSON LIABILITY AGAINST MR. KULASOORIYA .........................................................................................15

VII.   PLAINTIFF FAILS TO STATE A CLAIM UNDER THE CALIFORNIA CORPORATIONS CODE.......................................................................................16

A.      Plaintiff's Sections 25401, 25501 and 25504 Claims Are Time-Barred ..............16

B.      Plaintiff's Sections 25401 and 25501 Claims Fail Because The TAC Does Not Allege The Existence Of An Untrue Statement Of Material Fact Or Omission Of Material Fact In Connection With The Sale Or Purchase Of A Stock ...................................................................................................................17

C.      Plaintiff's Sections 25401 and 25501 Claims Fail Due To A Lack of Privity ......17

D.      Plaintiff's Section 25504 claim against Mr. Kulasooriya fails because the TAC has failed to establish control.........................................................................18

E.      Plaintiff's Cause of Action Under California Corporations Code § 25501.5 Is Time Barred .........................................................................................................19

F.      Plaintiff's Cause of Action Under California Corporations Code § 25501.5 Fails As A Matter Of Law ....................................................................................20

VIII.  PLAINTIFF'S COMMON-LAW CLAIMS SHOULD BE DISMISSED........................22

A.      Plaintiff's Common-law Fraud Claim Should Be Dismissed ...............................21

B.      Plaintiff Fails To State A Claim For Negligent Misrepresentation ......................21

C.      Plaintiff Lacks Standing To Bring Fiduciary Duty Claim Because She Does Not Allege That She Was A Shareholder Of Monvia...........................................22

D.      Plaintiff's Breach of Fiduciary Duty Claim Should Be Dismissed Because It Was Not Brought as a Derivative Action ...........................................................23

E.      Plaintiff's *Respondeat Superior* Claim Fails Because It Relies on Conclusory Allegations of Agency .......................................................................24

CONCLUSION...........................................................................................................................25

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                    **PAGE(S)**

*Basic Inc. v. Levinson,*
  485 U.S. 224 (1988) ................................................................13

*Binder v. Gillespie,*
  184 F.3d 1059 (9th Cir. 1999) .............................................4

*Birnbaum v. Newport Steel Corp.,*
  193 F.2d 461 (2d Cir. 1952) ................................................4

*Blue Chip Stamps v. Manor Drug Stores,*
  421 U.S. 723 (1975) ..............................................................4

*Burgess v. Premier Corp.,*
  727 F.2d 826 (9th Cir. 1984) .............................................16

*Calvert v. Huckins,*
  875 F. Supp. 674 (E.D. Cal. 1995) ....................................11

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,*
  421 U.S. 723 (1975) ..............................................................8

*Coppinger-Martin v. Solis,*
  627 F.3d 745 (9th Cir. 2010) ...........................................7, 8

*Deitz v. Comcast Corp.,*
  2006 WL 3782902 (N.D. Cal. Dec. 21, 2006) ....................23

*Desai v. Deutsche Bank Sees. Ltd.,*
  573 F.3d 931 (9th Cir. 2009) .............................................14

*Destfino v. Reiswig,*
  630 F.3d 952, 958-59 (9th Cir. 2011) ..................................2

*Deveny v. Entropin, Inc.,*
  139 Cal. App. 4th 408 (2006) ............................................17

*Durham v. Kelly,*
  810 F.2d 1500, 1505 (9th Cir. 1987) ..................................19

*Eshelman v. OrthoClear Holdings, Inc.,*
   2008 WL 171059 (N.D. Cal. Jan. 12, 2008) ........................................................14

*Foster v. Wilson,*
   504 F.3d 1046 (9th Cir. 2007) ...........................................................................21

*Fraser v. Fiduciary Trust Co.,*
   417 F. Supp. 2d 310 (S.D.N.Y. 2006) ...................................................................4

*Hokama v. E.F. Hutton & Co., Inc.,*
   566 F. Supp. 636 (C.D. Cal. 1983) .....................................................................12

*Howard v. Everex Sys.,*
   228 F.3d 1057 (9th Cir. 2000) .......................................................................15, 18

*In re Adelphia Communications Corp. Sec. & Derivative Litig.,*
   398 F. Supp. 2d 244 (S.D.N.Y. 2005) ...................................................................4

*In re Calpine Corp. Sec. Litig.,*
   288 F. Supp. 2d 1054 (N.D. Cal. 2003) ..............................................................16

*In re Coinstar Inc. Sec. Litig.,*
   2011 WL 4712206 (W.D. Wash. Oct. 6, 2011) .....................................................9

*In re Diasonics Sec. Litig.,*
   599 F. Supp. 447 (N.D. Cal. 1984) .....................................................................18

*In re Downey Sec. Litig.,*
   2009 WL 736802 (C.D. Cal. Mar. 18, 2009) ...................................................15, 18

*In re Hansen Natural Corp. Sec. Litig.,*
   527 F. Supp. 2d 1142 (C.D. Cal. 2007) .............................................................8, 9

*In re Harmonic, Inc. Sec. Litig.,*
   163 F. Supp. 2d 1079 (N.D. Cal. 2001) ................................................................9

*In re LaBranche Sec. Litig.,*
   405 F. Supp. 2d 333 (S.D.N.Y. 2005). ..................................................................4

*In re Leapfrog Enters., Inc. Sec. Litig.,14*
   527 F. Supp. 2d 1033 (N.D. Cal. 2007) ..............................................................14

*In re Merrill Lynch & Co. Research Reports Sec. Litig.,*

NOTICE OF MOTION AND MOTION OF DEFENDANTS MANI KULASOORIYA AND MONVIA, LLC TO DISMISS THIRD AMENDED
COMPLAINT (4:11-cv-02753-PJH); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

2008 U.S. Dist. LEXIS 44344 (S.D.N.Y. June 4, 2008)........................................15

*In re Optimal U.S. Litig.,*

2011 WL 4908745 (S.D.N.Y. Oct. 14, 2011) ..........................................................14

*In re Plaintiff Systems Sec. Litig.,*

528 F. Supp. 2d 236 (S.D.N.Y. 2007) .......................................................................7

*In re Sagent Tech., Inc. Deriv. Litig.,*

278 F. Supp. 2d 1079 (N.D. Cal. 2003) ...................................................................23

*In re Splash Technology Holdings, Inc. Sec. Litig.,*

160 F. Supp. 2d 1059 (N.D. Cal. 2001) .....................................................................6

*In re Toyota Motor Corp.,*

785 F. Supp. 2d 883 (C.D. Cal. 2011) .....................................................................24

*In re VeriSign, Inc., Deriv. Litig.,*

531 F. Supp. 2d 1173 (N.D. Cal. 2007) ..................................................21, 22, 23

*Janus Capital Group, Inc. v. First Derivative Traders, Inc.,*

131 S. Ct. 2296 (2011) ................................................................................... *passim*

*Kainos Labs., Inc. v. Beacon Diag. Inc.,*

1998 WL 2016634 (N.D. Cal. Sept. 14, 1998) ........................................................15

*Kamen v. Kemper Financial Services, Inc.,*

500 U.S. 90 (1991)....................................................................................................23

*Lentell v. Merrill Lynch & Co.,*

396 F.3d 161 (2d Cir. 2005)......................................................................................15

*Lewis v. Chiles,*

719 F.2d 1044 (9th Cir. 1983) ..................................................................................21

*Lubin v. Sybedon Corp.,*

688 F. Supp. 1425 (S.D. Cal. 1998)..........................................................................11

*Lukovsky v. City and County of San Francisco,*

535 F.3d 1044 (9th Cir. 2008) ....................................................................................7

*Maganallez v. Hilltop Lending Corp.,*

505 F. Supp. 2d 594 (N.D. Cal. 2007) .....................................................................21

*McCasland v. Formfactor Inc.,*

2008 WL 2951275 (N.D. Cal. July 25, 2008)............................................................................11

*Metzler Inv. GMBH v. Corinthian Colls., Inc.,*

540 F.3d 1049 (9th Cir. 2008) ......................................................................................................15

*MTC Electronic Technologies Co., Ltd. v. Leung,*

876 F.Supp. 1143 (C.D. Cal. 1995) .............................................................................................17

*Neilson v. Union Bank of Cal.,*

290 F. Supp. 2d 1101 (C.D. Cal. 2003) ......................................................................................21

*Neubronner v. Milken,*

6 F.3d 666 (9th Cir. 1993) ............................................................................................................11

*No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. America West Holding Corp.,*

320 F.3d 920, 945 (9th Cir. 2003) ...............................................................................................11

*Nordstrom, Inc. v. Chubb & Son, Inc.,*

54 F.3d 1424 (9th Cir. 1995) ........................................................................................................14

*Ontario Pub. Serv. Employees Union Pension Trust Fund v. Nortel Networks Corp.,*

369 F.3d 27 (2d Cir. 2004)..............................................................................................................4

*Oestreicher v. Alienware Corp.,*

544 F. Supp. 2d 964 (N.D. Cal. 2008). ......................................................................................21

*Pacific Inv. Mgmt. Co. v. Mayer Brown LLP,*

603 F.3d 144, 156-58 (2d Cir. 2010) .............................................................................................9

*Palomares v. Bear Stearns Residential Mortgage Corp.,*

2008 WL 686683 (S. D. Cal. March 13, 2008)....................................................................24, 25

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.,*

96 F.3d 1151 (9th Cir. 1996) ..................................................................................................15, 15

*Patel v. Parnes,*

253 F.R.D. 531 (C.D. Cal. 2008) .................................................................................................15

*Pittleman v. Impac Mortgage Holdings, Inc.,*

2009 WL 648983 (C.D. Cal. Mar. 9, 2009).................................................................................14

*Reese v. BP Exploration (Alaska) Inc.,*

vii

NOTICE OF MOTION AND MOTION OF DEFENDANTS MANI KULASOORIYA AND MONVIA, LLC TO DISMISS THIRD AMENDED
COMPLAINT (4:11-cv-02753-PJH); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

643 F.3d 681 (9th Cir. 2011) ................................................................9

*RPost Holdings, Inc. v. Trustifi Corp.,*

2011 WL 4802372 (C.D. Cal. October 11, 2011)..........................24, 25

*Rubke v. Capitol Bancorp Ltd.,*

551 F.3d 1156 (9th Cir. 2009) ............................................................13

*Sax v. World Wide Press, Inc.,*

677 F.2d 1289 (9th Cir. 1982) ............................................................23

*SEC v. Seaboard Corp.,*

809 F.2d 610 (9th Cir. 1987) ..............................................................18

*Stichting Pensioenfonds ABP v. Countrywide Financial Corp.,*

802 F. Supp. 2d 1125 (C.D. Cal. 2011) ...............................................7

*Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.,*

552 U.S. 148 (2008)........................................................................8, 14

*Swartz v. KPMG LLP,*

476 F.3d 756 (9th Cir. 2007) ........................................................24, 25

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*

551 U.S. 308 (2007) ............................................................................13

*Walsh v. Kindred Healthcare,*

798 F. Supp. 2d 1073 (N.D. Cal. 2011) .........................................11, 12

*Wanetick v. Mel's of Modesto, Inc.,*

811 F. Supp. 1402 (N.D. Cal. 1992) ...................................................16

*Wasco Prods., Inc. v. Southwall Techs., Inc.,*

435 F.3d 989 (9th Cir. 2006) ...............................................................7

*Weinstein v. Saturn Corp.,*

2007 WL 1342604 (N.D. Cal. May 8, 2007) .......................................24

*Wenger v. Lumisys, Inc.,*

2 F. Supp. 2d 1231, 1243 (N.D. Cal. 1998) ....................................6, 10

*Williams v. Berkshire Fin. Group, Inc.,*

491 F. Supp. 2d 320 (E.D.N.Y. 2007) ................................................21

*Zucco Partners, LLC v. Digimarc Corp.*

552 F.3d 981 (9th Cir. 2009) .......................................................................2, 13, 15

**FEDERAL STATUTES**

15 U.S.C. §78j(b) ..........................................................................................................4

15 U.S.C. § 78u- 4(b)(2) ......................................................................................12, 13

28 U.S.C. § 1658(b) .....................................................................................................7

**FEDERAL RULES**

Fed. R. Civ. P. 8 ...........................................................................................................6

Fed. R. Civ. P. 9(b) .....................................................................................................12

**STATE CASES**

*Apollo Capital Fund, LLC. v. Roth Capital Partners, LLC,*

609 158 Cal. App. 4th 226 (2007) ...............................................................18

*Aronson v. Lewis,*

473 A.2d 805 (Del. 1984) .............................................................................23

*Bains v. Moores,*

172 Cal. App. 4th 445 (2009) .......................................................................18

*Deveny v. Entropin, Inc.,*

139 Cal. App. 4th 408 (2006) ..................................................................16, 17

*Hellum v. Breyer,*

194 Cal. App. 4th 1300 (2011) .....................................................................18

*Jefferson v. J. E. French Co.,*

54 Cal. 2d 717 (1960) ...................................................................................20

*Kamen v. Lindly,*

94 Cal. App. 4th 197 (2001) .........................................................................21

*Sonora Diamond Corp. v. Sup. Court,*

83 Cal. App. 4th 523 (2000) .........................................................................12

*Schuster v. Gardner,*

127 Cal. App. 4th 305 (2005) .......................................................................23

**CALIFORNIA STATUTES**

Cal. Corp. Code § 25401 ................................................................................................17

Cal. Corp. Code § 25501 ................................................................................................18

Cal. Corp. Code § 25501.5 .......................................................................................19, 21

Cal. Corp. Code § 25504 ................................................................................................19

Cal. Corp. Code § 25506(b) ...........................................................................................16

Cal. Corp. Code § 25510 ................................................................................................21

**CALIFORNIA ASSEMBLY BILLS**

California Assembly Bill 2167, § 2, 2004 Cal. Legis. Serv. Ch. 575 ...........................20

1

**INTRODUCTION**

2

The current complaint is Plaintiff's third attempt to plead, *inter alia*, a violation of

3

securities laws based on alleged misrepresentations made by Defendant William Fischer.  The

4

Court, in granting Defendants Monvia, LLC ("Monvia") and Mani Kulasooriya's (collectively,

5

"Defendants") previous motion to dismiss, noted that the prior complaint was "confusing and

6

replete with conclusory allegations, and that it failed to state a claim against any of the moving

7

defendants."  *See* March 15, 2013 Order dismissing Second Amended Complaint (ECF No. 177)

8

(the "Order") at p. 41.  This third iteration fares no better as Plaintiff continues to ignore the

9

undisputed fact that it was Mr. Fischer who was the "speaker" of all of the alleged

10

misrepresentations and instead rehashes the same unparticularized allegations that unnamed

11

defendants allegedly "mislead[] her through exaggeratedly optimistic statements about their

12

companies' prospects while withholding material information." (Third Amended Complaint (ECF

13

No. 180) ("TAC") ¶ 2).  However, the TAC fails as a matter of law and in direct contravention of

14

the Court's Order to (A) identify who at Monvia made representations to her, (B) what, if any,

15

representations were made to her by a Monvia employee; (C) when those alleged representations

16

were made (D) why those representations were false at the time they were made and (E) that the

17

speaker had the requisite scienter at the time of the alleged statement. *See Order* at p. 24.

18

In addition, the Court has informed the Plaintiff that her prior "iteration of the complaint is

19

confusing and replete with conclusory allegations" (Order at p. 41).  Instead of actually addressing

20

these concerns expressed by the Court, Plaintiff has chosen to add length but not substance to her

21

previous allegations.  Further, the Order also contained a road map towards an adequate complaint

22

by pointing out specific ways in which the pleading could be corrected.  For example, the Court

23

admonished Plaintiff for not alleging "that any individual defendant, other than Fischer, 'made an

24

untrue statement of a material fact ….'"  Order at p. 12.  The Court also noted that it "expect[ed]

25

that any amended complaint will provide a more coherent explanation of the claims being asserted

26

against each defendant, and the factual bases for those claims."  *Id.* (emphasis in original).

27

Despite these clear guidelines from the Court, Plaintiff has declined to follow the Court's direction

and has not added any of the specificity required.

28

The Court has already dismissed Plaintiff's 10b and Rule 10b-5 claims against Mr.

Kulasooriya with prejudice[1] and stated in its Order that those same claims against Monvia would be similarly be dismissed with prejudice if Plaintiff did not "plead facts showing that someone affiliated with Monvia made false or misleading statements in connection with her purchase or sale of Monvia securities." Order at pp. 27-28. Despite these clear instructions from the Court, the TAC has yet again failed to identify anyone at Monvia that made any statements to her in connection with her purchase or sale of Monvia securities.[2] Accordingly, the 10b and Rule 10b-5 claims against Monvia should be dismissed with prejudice as well.

Moreover, Plaintiff attempts to levy liability against Defendants based on a theory that Fischer was somehow an agent for the Defendants. TAC at ¶¶ 2-3. Specifically, Plaintiff claims that "each company engaged Fischer as their agent to sell their securities …." *Id.* But again the TAC fails to address Defendants prior argument that Plaintiff never actually purchased or sold any Monvia securities. Indeed, the Court has already rejected Plaintiff's "*respondeat superior*" claim by holding that the Plaintiff had failed to plead the "existence of the agency relationship" with "particularity." Order at p. 15. The TAC fails to address any of these deficiencies noted in the Order, but instead repeats the same self-serving and conclusory allegations that were previously rejected by this Court.

In sum, Plaintiff has made only cosmetic revisions to a fatally defective complaint. Accordingly, the Court should dismiss all of the claims against Mr. Kulasooriya and Monvia with prejudice.[3]

---

[1] The TAC purports to assert a claim based on section 10b of the Securities Exchange Act of 1934 and Rule 10b-5 against Mr. Kulasooriya despite the Court's Order stating that this cause of action against Mr. Kulasooriya was dismissed "with prejudice." Order at p. 27. As such, the first cause of action in the TAC cannot be asserted against Mr. Kulasooriya. In an abundance of caution, a motion to strike the first cause of action alleged in the TAC and its accompanying allegations is being filed simultaneously with this motion to dismiss.

[2] What is particularly troubling is that Plaintiff had an opportunity to depose defendant William Fischer recently and have had access to over 29,000 documents that were produced by Mr. Fischer's bankruptcy counsel. Despite this unprecedented access to discovery, Plaintiff still fails to allege any facts that show that anyone from Monvia made any statements to her or that she purchased any securities of Monvia.

[3] *Destfino v. Reiswig*, 630 F.3d 952, 958-59 (9th Cir. 2011) ("Plaintiffs had three bites at the apple, and the court acted well within its discretion in disallowing a fourth."); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUMMARY OF FACTS**

Plaintiff's TAC presents the same essential allegations as her two prior complaints.  The gravamen of the TAC is that Plaintiff was duped by defendant William Fischer to invest or lend money to nine unrelated companies that Mr. Fischer was associated with.  The TAC alleges that Mr. Fischer was engaged in a massive scheme with Defendants Monvia and Mr. Kulasooriya in an attempt to allegedly defraud her by causing a "corporate vehicle" called Upper Orbit to invest in the companies PeerDreams and New Moon.  *See* TAC at ¶ 18.  Plaintiff admits in her TAC that she did not personally purchase any Monvia securities and that Mr. Fischer's company Upper Orbit (TAC at ¶ 18 ("Upper Orbit's sole member is defendant William Fischer")) was the "who" that made all of the investments.  *See* TAC at ¶ 61 ("Fischer, through Upper Orbit, made new investments and/or loans on Jackson's behalf in New Moon, PeerDreams, Specigen and Toppost.").  Therefore, not only did Plaintiff not purchase any securities from Monvia, but she also did not purchase any securities of any other company named in this lawsuit.

Defendant Monvia is a Delaware limited liability company that was hired by Defendant PeerDreams around June 2007 to serve as a third party consultant to provide software programming and other technical services to PeerDreams.  When Monvia entered into the agreement with PeerDreams, Monvia believed that PeerDreams was owned and capitalized by Mr. Fischer or Defendant Upper Orbit, or some combination of both.  No one at Monvia ever made any statements to Plaintiff (or anyone else for that matter) regarding the purchase of any security for any company named in this complaint.

**ARGUMENT**

**I.    LEGAL STANDARD FOR MOTIONS TO DISMISS, RULE 9 AND PSLRA PLEADING REQUIREMENTS**

Defendants have extensively briefed both the standards for judging a motion to dismiss and the heightened standard for pleading standards under Rule 9 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.  Defendants' Motion to Dismiss Second Amended Complaint (ECF No. 127) at pp. 3-6.  Defendants also agree with the Court's view of these standards as expressed in its March 15, 2013 ruling.  Order at pp. 8-9, 11-12.  Defendants do not repeat those standards here as not to burden the court with repetitive argument.

## II.    PLAINTIFF LACKS STANDING TO BRING THIS ACTION BECAUSE SHE DID NOT PURCHASE OR SELL MONVIA SECURITIES

Plaintiff brings this action based on, *inter alia*, alleged violations of Sections 10(b) of the Securities Exchange Act of 1934 (the "1934 Act") and Rule 10b–5 promulgated thereunder by the Securities and Exchange Commission and California law governing the sale of securities.   As Plaintiff is alleging a securities violation of those applicable laws, in order for Plaintiff to have standing in this case she must allege that either she purchased or sold a security (in this case a Monvia security).  15 U.S.C. §78j(b); *see also Binder v. Gillespie*, 184 F.3d 1059, 1066 (9th Cir. 1999) ("Only a purchaser or seller of securities has standing to bring an action under section 10(b) and Rule 10b–5.").  As this TAC does not contain any allegations that indicate that anyone made a statement to Plaintiff in connection with the her purchase or sale of Monvia securities, this motion to dismiss should be granted and the action dismissed with prejudice.

It is well-established that only an actual purchaser or seller of securities has standing to assert claims under § 10(b) and Rule 10b-5.  *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 749-55 (1975).   In *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975), the United States Supreme Court adopted a "restrictive view of standing" in Section 10(b) cases, holding that "individuals who failed to purchase a stock due to a company's misrepresentation of the value of its stock did not have standing to sue under Rule 10b-5 because they were not purchasers or sellers of the security."  *Ontario Pub. Serv. Employees Union Pension Trust Fund v. Nortel Networks Corp.*, 369 F.3d 27, 32 (2d Cir. 2004), *cert. denied*, 543 U.S. 1050 (2005).

The "purchaser or seller" rule of *Blue Chip Stamps* has been reaffirmed hundreds of times in the nearly twenty years since, and remains the rule in this Circuit and others. *Binder v. Gillespie*, 184 F.3d at 1066; *see also Fraser v. Fiduciary Trust Co.*, 417 F. Supp. 2d 310, 317-18 (S.D.N.Y. 2006); *In re Adelphia Communications Corp. Sec. & Derivative Litig.*, 398 F. Supp. 2d 244, 260 (S.D.N.Y. 2005).  This standing requirement applies to claims asserted under all three subsections of Rule 10b-5.  *Birnbaum v. Newport Steel Corp.*, 193 F.2d 461, 462-64 (2d Cir. 1952); *In re LaBranche Sec. Litig.*, 405 F. Supp. 2d 333, 349 n.11 (S.D.N.Y. 2005).

This standing requirement is not satisfied by a plaintiff's purchase or sale of any security allegedly involved in the action.  Rather, standing is limited to "the class of plaintiffs.  .  . who have at least dealt in the security to which the prospectus, representation or omission relates."

*Blue Chip Stamps*, 421 U.S. at 747.  "It is axiomatic that in order to have standing, 'a 10b-5 plaintiff in a private damages action must have been either a purchaser or seller of the securities that form the basis of the . . . deceptive conduct.'"  *LaBranche*, 405 F. Supp. 2d at 349 n.11.

Here, the TAC, like the complaints that followed it before, contain no allegations that Plaintiffs ever bought or sold any Monvia securities as a result of alleged misrepresentations or omissions made to her.  Indeed, the Court noted in its Order that the prior complaint contained "no allegations that plaintiff purchased Monvia securities."  Order at p. 27.  Plaintiff has again failed to allege that she purchased or sold a Monvia security as is necessary to establish standing and this Court should thus dismiss the first cause of action against Monvia with prejudice.

## III.   THE TAC FAILS TO PLEAD WITH PARTICULARITY AS REQUIRED BY RULE 9

In previously dismissing Plaintiff's fraud based claims "for failure to allege falsity with particularity" (Order at pp. 13, 24, 27, 29), the Court confirmed that Plaintiff was required to plead with particularity the "time, place, and specific content of the false representations as well as the identities of the parties to the transaction."  Order at p. 9.

In the TAC, instead of providing the requisite specific allegations, concedes that Monvia made no misstatements at all and simply re-alleged its prior allegations that Mr. Fischer was the speaker of all of the alleged false statements (TAC at ¶ 26 ("[Plaintiff's] investment [in PeerDreams] was made in reliance on material misrepresentations by Fischer.")), and added some unparticularized allegations that she was present at some "meetings with Fischer and Koolasuriya through the spring and into the summer of 2007."  TAC at ¶ 111.  Plaintiff concedes that no representations were made to her at these "meetings" alleging instead that "Jackson was never told" certain things about PeerDreams.  *Id.*  These allegations still fails to provide particularized details about any alleged misstatements made to Plaintiff by anyone at Monvia, including what was actually said and why any statements were false when made.  *See In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548–49 (9th Cir. 1994) ("plaintiff must set forth what is false or misleading about a statement and why it is false").  These scant additions fail to satisfy Rule 9(b), and thus Plaintiff's fraud based claims should be dismissed on that basis alone.

## IV. THE TAC SHOULD BE DISMISSED UNDER RULE 8 BECAUSE IT LACKS A "SHORT AND PLAIN STATEMENT OF THE CLAIM"

In its Order, the Court previously dismissed Plaintiff's claims against Defendants for failure to "comply with Rule 8(a)" noting that the "SAC alleges few facts against any defendant other than Fischer." Order at p. 9.  The TAC fails to correct this deficiency because it is again another classic example of puzzle-pleading,[4] prohibited under Rule 8.  *See, e.g.*, TAC at ¶¶ 130-133.

By requiring "a laborious deconstruction and reconstruction of a great web of scattered, vague, redundant, and often irrelevant allegations," Plaintiff has failed to set forth a "short and plain statement" and have failed to make each allegation "simple, concise and direct" in violation of Rule 8.  *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1243-44 (N.D. Cal. 1998).  As such, this Court should rule again that the complaint should be dismissed for failure to comply with Rule 8.

## V. PLAINTIFF FAILS TO STATE A CLAIM FOR A VIOLATION OF SECTION 10(B) OF THE 1934 ACT AND RULE 10B-5 AGAINST MONVIA[5]

The Third Amended Complaint is further legally deficient on multiple fronts.  It is time-barred; it fails to adequately allege falsity with the particularity required of Rule 9(b) and the PSLRA; it is completely devoid of particularized scienter allegations; it fails to plead reliance; and it fails to adequately plead loss causation.  Each of these deficiencies is fatal and each provides an independent basis to grant this motion to dismiss.

### A.   Plaintiff's 1934 Act Claim Against Monvia Is Time-Barred

Plaintiff's First Cause of Action alleging a violation of the 1934 Act against Monvia should be dismissed because it is time-barred.  Before this action was filed on June 6, 2011, the two-year limitations period for her 1934 Act claim had expired for any purported offerings at issue and Plaintiff has failed to plead an applicable tolling doctrine.  Plaintiff's TAC fails to even allege

---

[4] Puzzle pleading is when a plaintiff makes general assertions that a defendant has made false or misleading statements, without actually specifying why those particular statements are purportedly false or misleading.  This type of pleading is prohibited by Rule 8 because it "renders it exceedingly difficult to discern precisely which statements are alleged to be misleading" and leaves the Court and the defendants guessing as to what, exactly, the basis is for a plaintiff's claim.  *In re Splash Tech. Holdings, Inc. Sec. Litig.*, 160 F. Supp. 2d 1059, 1073 (N.D. Cal. 2001).

[5] As discussed, *supra*, in footnote 1, the Court had previously dismissed Plaintiff's 10b and Rule 10b-5 claims against Mr. Kulasooriya "with prejudice" due to the fact that "Fischer – not the individual defendants – was 'the speaker,'" of any purported statements.  *See* Order at pp. 13, 27.  Therefore, Plaintiff's first cause of action only applies as to Monvia.

1   that the case was filed within the appropriate statute of limitations periods and is entirely silent on

2   the issue of tolling.  As such, it should be dismissed.

3        A 1934 Act claim must be asserted "not later than . . . two years after the discovery of the

4   facts constituting the violation."  28 U.S.C. § 1658(b); *see also Stichting Pensioenfonds ABP v.*

5   *Countrywide Financial Corp.*, 802 F. Supp. 2d 1125, 1131 (C.D. Cal. 2011).  The statute of

6   limitations "begins to run when the plaintiff obtains actual knowledge of the facts giving rise to

7   the action" or upon "inquiry notice," *i.e.,* "notice of the facts, which in the exercise of reasonable

8   diligence, would have led to actual knowledge."  *In re Plaintiff Systems Sec. Litig.*, 528 F. Supp.

9   2d 236, 245 (S.D.N.Y. 2007).  Inquiry notice is triggered "'when the circumstances would suggest

10  to an investor of ordinary intelligence the probability' that she has a cause of action." *Id.* at 245.

11       Here, even assuming *arguendo* that Plaintiff purchased Monvia securities (which she did

12  not), the TAC admits that Plaintiff was placed on notice of any alleged misstatements, omissions

13  and/or possible malfeasance "in or about summer 2008," based on the fact that she became

14  concerned about her "trading account and asked to have her funds returned [to her]."  *See* TAC at

15  ¶ 63.  Thus, even using the most generous discovery date possible, the two-year statute of

16  limitations expired no later than sometime in 2010.  Because this action was not filed until June 6,

17  2011, it is therefore time-barred in its entirety.

18       **1.      Plaintiff fails to allege any applicable tolling doctrine to save her 1934
                   Act claim**

19       Because the statute of limitations has expired, this action must be dismissed unless

20  Plaintiff alleges an applicable tolling doctrine in her TAC.  She has failed to do so.  The TAC is

21  contains a single allegation regarding "repeated optimistic misrepresentations as to the status of

22  her investments."  TAC at ¶ 76.

23       This single conclusory allegation is not enough to carry her burden of establishing that

24  tolling applies in this instance.  *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991

25  (9th Cir. 2006).   Further, the Ninth Circuit has repeatedly rejected claims of fraudulent

26  concealment where the plaintiffs fail to allege misrepresentation beyond the actual basis for the

27  lawsuit.  *See Coppinger–Martin v. Solis*, 627 F.3d 745, 751-52 (9th Cir. 2010); *see also Lukovsky*

28  *v. City and County of San Francisco*, 535 F.3d 1044, 1052 (9th Cir. 2008) ("[T]he plaintiff must

NOTICE OF MOTION AND MOTION OF DEFENDANTS MANI KULASOORIYA AND MONVIA, LLC TO DISMISS THIRD AMENDED
COMPLAINT (4:11-cv-02753-PJH); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

point to ... some active conduct by the defendant 'above and beyond the wrongdoing upon which the plaintiff's claim is filed ....'"").  Such an argument is untenable because they "merge[ ] the substantive wrong with the tolling doctrine" and "would eliminate the statute of limitations [.]" *Coppinger*, 627 F.3d at 751–52.

Here, the TAC has not alleged any additional conduct "above and beyond the wrongdoing" that serves as the basis for Plaintiff's claims.  Thus, tolling does not apply and Plaintiff's 1934 Act claims against Monvia are time-barred and should be dismissed with prejudice.

## B. The TAC Fails To State A Claim Against Monvia Based On Statements Made By Mr. Fischer, Because Monvia Was Not The Maker Of The Statements

As discussed, *supra*, recognizing that no one at Monvia made any statements to her, let alone misstatements, Plaintiffs attempts to attribute non-existent alleged misstatements and omissions by Defendant PeerDreams and New Moon to Monvia.  Bereft of any viable Section 10(b) claim directly against Monvia, the TAC instead appears to allege, in a single instance, that Monvia is the "alter ego" of PeerDreams and suggests that since PeerDreams is allegedly liable for the conduct of William Fischer, Monvia, qua alter ego, should be vicariously liable for the conduct of PeerDreams.  *See* TAC at ¶ 112 ("Monvia Defendants were the de facto company [PeerDreams].").

Even if the basis for this tenuous, twice-removed vicarious liability theory were explained in the pleading, which it is not, the theory is fundamentally flawed because, as the Supreme Court recently reaffirmed in *Janus Capital Group v. First Derivative Traders*, 131 S. Ct. 2296, 2302 (2011), a Section 10(b) claim can only be brought against the maker of a misstatement.  No alter ego or vicarious liability theory can change the fact that Monvia made no statement at all and therefore cannot be liable under Section 10(b).  *See Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 159 (2008) (holding that "respondents' acts or statements were not relied upon by the investors and that, as a result, liability cannot be imposed upon respondents"); *see also Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 191 (1994) (holding that there was no aiding and abetting liability in a private action under Section 10(b) and therefore Central Bank could not be liable because it "did not commit a manipulative or deceptive act within the meaning of § 10(b)"); *In re Hansen Natural Corp. Sec.*

*Litig.*, 527 F. Supp. 2d 1142, 1153 n.3 (C.D. Cal. 2007) (dismissing individual defendants who did not make any statements); *In re Harmonic, Inc. Sec. Litig.*, 163 F. Supp. 2d 1079, 1099 (N.D. Cal. 2001) ("[N]o liability under § 10b unless the defendant made a false or misleading statement.").

In *Janus*, the Supreme Court considered a Section 10(b) claim brought against investment advisor Janus Capital Management LLC based on alleged misstatements in prospectuses issued by Janus Investment Fund.  131 S. Ct. at 2299.  The advisor and the fund were legally independent, but the advisor provided the management services necessary for the fund to operate, and all of the fund's officers were also officers of the advisor.  *Id.*  Plaintiffs alleged that the advisor was significantly involved in the preparation of the prospectuses and that there was a "uniquely close relationship" between the advisor and the fund.  *Id.* at 2304-5.

Reversing the Fourth Circuit, the Court observed that, "[t]o be liable [under Section 10(b)], [the advisor] must have 'made' the material misstatements in the prospectuses," *id.* at 2301, and held that "the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it."  *Id.* at 2302.  Generally, "attribution within a statement or implicit from surrounding circumstances is strong evidence that a statement was made by - and only by - the party to whom it is attributed."  *Id.*; *see also Pacific Inv. Mgmt. Co. v. Mayer Brown LLP*, 603 F.3d 144, 156-58 (2d Cir. 2010) (rejecting Section 10(b) liability for a misstatement absent "explicit attribution" to the defendant).  Thus, even though the advisor was alleged to have been significantly involved in the preparation of the fund's prospectuses and responsible for the operation of the fund, the Court held that the advisor could not be held liable under Section 10(b) because it did not make the statements at issue—the fund did.  *Janus*, 131 S. Ct. at 2302-05; *see also Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 693 n.8 (9th Cir. 2011) ("[*Janus*] sets the pleading bar even higher in private securities fraud actions seeking to hold defendants primarily liable for the misstatements of others."); *In re Coinstar Inc. Sec. Litig.*, 2011 WL 4712206 at *10 (W.D. Wash. Oct. 6, 2011) (holding that primary liability under Rule 10b–5(b) does not extend under *Janus* to an officer or director that did not make the statement).

In reaching its conclusion, the Court noted that the private right of action under Section

10(b) was judicially created and therefore must be narrowly construed. *Id.* at 2302. After discussing its prior decisions in *Central Bank* and *Stoneridge*, the Court held that it would "not expand liability beyond the person or entity that has ultimate authority over a false statement." *Id.* at 2303. The Court even rejected the argument that a "uniquely close relationship" between the advisor and the fund permitted a Section 10(b) claim, stating that "[w]e decline this invitation to disregard the corporate form." *Id.* at 2304.

Importantly, the Court emphasized that a theory of Section 10(b) "liability based on a relationship of influence resembles the liability imposed by Congress for control" under Section 20(a), and to permit such a theory "would read into Rule 10b-5 a theory of liability similar to—but broader in application than … - what Congress has already created expressly elsewhere. We decline to do so." *Id.* at 2304.

To the extent there had been any doubt,[6] therefore, *Janus* confirms that common law vicarious liability is unavailable under Section 10(b) and that the corporate form cannot be disregarded in order to assert a Section 10(b) claim against someone other than the maker of the statement, particularly given that Congress enacted Section 20(a) to reach those who control primary violators. *See In re Optimal U.S. Litig.*, 2011 WL 4908745, at *5-6 (S.D.N.Y. Oct. 14, 2011) (dismissing Section 10(b) claim against sole owner of entity that issued statement despite fact that owner ran and controlled the speaker because Janus "cautions against expanding the narrow private right of action" and "emphasizes that the corporate form should be respected").

Accordingly, Plaintiff's attempt to hold Monvia vicariously liable for the statements of Mr. Fischer regarding PeerDreams and/or New Moon under Section 10(b) should be dismissed as a matter of law. Indeed, Plaintiff's "alter ego" theory against Monvia is even more attenuated than the theory of liability rejected by the Supreme Court in *Janus*. There, the advisor was alleged to have been significantly involved in preparing the statements at issue; there is no similar allegation

---

[6] *Stoneridge* held that liability does not attach to persons who merely participate in a scheme without making any statement, and specifically noted that "Section 10(b) does not incorporate common-law fraud into federal law." 552 U.S. at 162. *Janus* now confirms that, particularly in light of the statutory liability created under Section 20(a), common law vicarious liability does not provide a basis for a Section 10(b) claim.

here.  In addition, Plaintiff does not identify a single alleged misstatement in the TAC attributed to Monvia for which they actually made or over which they purportedly had "ultimate authority or control."

> ### 1.  The TAC does not and cannot allege a factual basis for holding Monvia vicariously liable

Even if *Janus* and the cases preceding it do not preclude vicarious liability under Section 10(b), the TAC fails to properly allege any factual basis for such a claim.

> #### a)  The TAC fails to allege a basis for holding PeerDreams liable

As with plaintiffs' Section 20(a) claim, the TAC must adequately allege that PeerDreams or New Moon is primarily liable under Section 10(b) in order to state any claim against Monvia. *See No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. America West Holding Corp.*, 320 F.3d 920, 945 (9th Cir. 2003).  For the reasons explained in the Court's Order, Plaintiff has not alleged that New Moon or PeerDreams are liable under Section 10(b).  Order at p. 38.

> #### b)  Monvia is not an alter ego of PeerDreams[7]

But even if the TAC had adequately pleaded a primary violation by PeerDreams, Plaintiff's attempt to hold Monvia vicariously liable under an "alter ego" theory fails.  Plaintiff cannot "pierce the corporate veil" of PeerDreams because the allegations in the TAC do not even come close to meeting the extremely high standard for doing so under California law.

A plaintiff asserting alter ego liability faces a heavy burden because courts are very reluctant to disregard the corporate form.  *See Calvert v. Huckins*, 875 F. Supp. 674, 678 (E.D. Cal. 1995) ("Disregarding the corporate entity is recognized as an extreme remedy, and '[c]ourts will pierce the corporate veil only in exceptional circumstances.'"). To invoke the alter ego doctrine, a plaintiff must allege: (1) that there is such a unity of interest and ownership that the separate personalities of the two corporations no longer exist; and (2) that if the acts are treated as those of only one of the corporations, an inequitable result will follow.  *See Walsh v. Kindred Healthcare,* 798 F. Supp. 2d 1073, 1082 (N.D. Cal. 2011).  Factors a court may consider include the commingling of funds and assets, "inadequate capitalization," and the "disregard of corporate

---

[7] The TAC does not contain any allegations that Monvia was an alter ego of New Moon.

formalities." *Sonora Diamond Corp. v. Sup. Court*, 83 Cal. App. 4th 523, 538-39 (2000). Conclusory allegations of alter ego status are insufficient. *See Walsh v. Kindred Healthcare,* 798 F. Supp. 2d at 1082; *Hokama v. E.F. Hutton & Co., Inc.*, 566 F. Supp. 636, 647 (C.D. Cal. 1983).

The allegations in the TAC are plainly insufficient to raise a plausible inference that there existed "a unity of interest and ownership" between PeerDreams and Monvia "that the separate personalities of the two corporations no longer exist."   In addition, there are no allegations whatsoever of: (i) a disregard for corporate formalities between PeerDreams and Monvia; (ii) inadequate capitalization; (iii) intermingling or improper use of PeerDreams funds by Monvia (or even of access to such funds by Monvia); (iv) an insufficient amount of business discretion displayed by PeerDreams; (v) an absence of arm's-length dealings; or (vi) that PeerDreams had property that was improperly used by Monvia as if it were its own.  As such, because the TAC does not and cannot allege that Monvia was an alter ego of PeerDreams, this claim should fail.

### C.    Plaintiff Fails To Plead Falsity

Plaintiff's TAC fails to state a claim because it does not specifically identify any purported statements by anyone at Monvia as being false or misleading.[8]  Indeed, the TAC does not contain a single allegation that anyone at Monvia even communicated with Plaintiff.  Instead, Plaintiff attempts to impose liability on Monvia based on statements made by Mr. Fischer regarding PeerDreams and New Moon.  As discussed, *supra*, 10(b) liability cannot be imposed on Monvia because Mr. Fischer, not Monvia, was the maker of any statements to Plaintiff.

As acknowledged by the Court in its Order and discussed above, liability under "Rule 10b-5 is limited to parties who actually 'make' misstatements of fact" and thus Monvia cannot be held liable for statements made by Mr. Fischer.  Order at p. 12.  Even assuming *arguendo* that the statements made by Mr. Fischer regarding PeerDreams or New Moon were made by Monvia (which they were not), the TAC still fails as a matter of law because it "does not allege facts showing that the alleged false statements were false when made."  Order at p. 13.

---

[8] In order to survive a motion to dismiss, a complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."  15 U.S.C. § 78u-4(b)(2); *see also* Fed. R. Civ. P. 9(b).

1          **1.**       **Plaintiff fails to allege that Monvia owed or breached a duty to disclose**

Plaintiff further relies on a fraud by omission theory to support her securities fraud claim, but that also must fail as a matter of law. The TAC alleges "material omissions remained undisclosed …." TAC at ¶ 111. In order for a plaintiff to prevail on an omission of material fact theory, they must first allege that a defendant had a duty to disclose the omitted information. *See Basic Inc. v. Levinson*, 485 U.S. at 239 n.17.

Again, the TAC does not identify any statement Monvia that was false or misleading by reason of a supposed omission. All of the alleged misstatements and omissions are attributed to Mr. Fischer and the TAC is silent as to why Monvia owes her a duty that requires it to warn her when it is undisputed that she had no communications or a relationship with it.

**D.**      **The TAC Does Not Adequately Allege Scienter Against Monvia**

The heart of any securities fraud case is scienter—"a mental state embracing intent to deceive, manipulate, or defraud." *Tellabs*, 551 U.S. at 319 (2007) (citation omitted). As discussed, *supra*, to plead securities fraud under Section 10b of the 1934 Act and Rule 10b-5, a plaintiff must allege particularized facts giving rise to a "strong inference" of scienter - that the defendants made false or misleading statements either intentionally or with deliberate recklessness" at the time of the alleged conduct. *Zucco Partners*, 552 F.3d at 991; 15 U.S.C. § 78u-4(b)(2); *see also Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1164 (9th Cir. 2009).

Therefore, a plaintiff thus "must plead a highly unreasonable omission, involving not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." *Zucco*, 552 F.3d at 991. And, "the inference of scienter must be more than merely 'reasonable' or 'permissible.'" *Tellabs*, 551 U.S. at 324. Rather, it must be "cogent and at least as compelling as any opposing inference one could draw from the facts alleged," weighing all "plausible nonculpable explanations for the defendant's conduct" against "inferences favoring the plaintiff." *Id.*

Here, Plaintiff has not met these stringent requirements. None of Plaintiff's allegations shows that anyone at Monvia had the intent to defraud her.

          **1.**       **The TAC has not pled corporate scienter**

A corporate entity like Monvia lacks fraudulent intent unless its representatives have fraudulent intent. *See Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1435–36 (9th Cir. 1995) ("[A] corporation is deemed to have the requisite scienter for fraud only if the individual corporate officer making the statement has the requisite level of scienter at the time of the statement.").

Plaintiff, however, does not identify a single Monvia employee in her TAC who intended to defraud her. Because Plaintiff failed to plead scienter as to any Monvia employee, she cannot impute scienter to Monvia. *See, e.g., Pittleman v. Impac Mortgage Holdings, Inc.*, 2009 WL 648983, at *3 (C.D. Cal. Mar. 9, 2009) ("Because Plaintiff fails to plead scienter on the part of [the CEO or COO], Plaintiff cannot successfully plead scienter on the part of Impac.").

### E.    Plaintiff Has Not Pled Reliance

A plaintiff must plead reliance in order to prevail on a 1934 Act claim. The Supreme Court has held that reliance is an "essential element" of a Section 10(b) claim which "ensures that, for liability to arise, the 'requisite causal connection between a defendant's misrepresentation and a plaintiff's injury' exists as a predicate for liability." *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 159 (2008). In this regard, a plaintiff must show that a defendant's actions played a "substantial part in the plaintiff's investment decision." *Desai v. Deutsche Bank Sees. Ltd.*, 573 F.3d 931, 939 (9th Cir. 2009). In addition, a complaint must "allege sufficient facts to demonstrate that [the plaintiffs] actually heard or otherwise received any of the statements upon which they base their Section 10(b) claim." *Eshelman v. OrthoClear Holdings, Inc.*, 2008 WL 171059, *7 (N.D. Cal. Jan. 12, 2008).

Here, Plaintiff does not allege that she ever communicated with Monvia, let alone relied on any misstatement by anyone to invest in Monvia. It thus follows *a fortiori* that Plaintiff could not have possibly relied on any statements from Monvia when none were made to her.

### F.    The TAC Fails To Plead Adequately That Monvia's Conduct Caused Plaintiff's Alleged Loss

"[T]he purpose of the federal securities laws is 'not to provide investors with broad insurance against market losses, but to protect them against those economic losses that misrepresentations actually cause.'" *In re Leapfrog Enters., Inc. Sec. Litig.*, 527 F. Supp. 2d 1033, 1041 (N.D. Cal. 2007). Accordingly, a Section 10(b) complaint must sufficiently plead "loss

causation," or a proximate causal connection between the alleged fraud and the investor's economic loss. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1063 (9th Cir. 2008).

In that regard, a complaint must isolate the loss attributable to fraud from the loss resulting from market-wide conditions. *See Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 174 (2d Cir. 2005); *see also In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 2008 U.S. Dist. LEXIS 44344, at *22 (S.D.N.Y. June 4, 2008).

The same logic requires this action's dismissal.  As described above, the TAC does not contain a single allegation that Plaintiff's purported losses were attributable to Monvia's conduct and not due to external factors, outside of Monvia's control.  Thus, like other recent complaints that have tried to blame the recession on a financial institution, the TAC cannot plead loss causation and should be dismissed accordingly.

## VI.   PLAINTIFF HAS NOT ALLEGED CONTROL PERSON LIABILITY AGAINST MR. KULASOORIYA

Plaintiff's claims under Section 20(a) of the 1934 Act (Count 3) against Mr. Kulasooriya also must be dismissed.  Section 20(a) of the 1934 Act requires a plaintiff to allege and ultimately prove "that a primary violation was committed and that the defendant 'directly or indirectly' controlled the violator." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996).  Because the TAC does not allege a primary violation of the 1934 Act, the Section 20(a) claims against Mr. Kulasooriya must be dismissed. *See Patel v. Parnes*, 253 F.R.D. 531, 561 (C.D. Cal. 2008); *see also Zucco*, 552 F.3d at 99 ("Section 20(a) claims may be dismissed … if a plaintiff fails to adequately plead a primary violation of section 10(b)").

But even assuming that the TAC pled an underlying primary violation under the federal securities laws (which it does not), it still fails to allege any cognizable "control person" claim against Mr. Kulasooriya.  In order to establish that a defendant is a control person, Plaintiff must show that the defendant "exercised actual power or control over the primary violator." *Howard v. Everex Sys.*, 228 F.3d 1057, 1065 (9th Cir. 2000).  That purported control must be over "allegedly wrongful acts," *Kainos Labs., Inc. v. Beacon Diag. Inc.*, 1998 WL 2016634, at *16 (N.D. Cal. Sept. 14, 1998), and facts must be pled establishing "the times, dates, and places that such control allegedly occurred." *In re Downey Sec. Litig.*, 2009 WL 736802, at *15 (C.D. Cal. Mar. 18, 2009).

In addition, the status of Mr. Kulasooriya as an alleged director of PeerDreams or New Moon is insufficient to make him a control person. In the Ninth Circuit, directors are not automatically liable as controlling persons. *Paracor Fin. Inc.*, 96 F.3d at 1163 ("being an officer or director does not create any presumption of control"); *see also Burgess v. Premier Corp.*, 727 F.2d 826, 832 (9th Cir. 1984) ("A director 'is not automatically liable as a controlling person'"); *see also Wanetick v. Mel's of Modesto*, Inc., 811 F. Supp. 1402, 1407 (N.D. Cal. 1992) ("Mere titles are not adequate indicators of control authority.").

Here, the TAC does not allege any facts with "times, dates, and places" that would establish Mr. Kulasooriya as a control person – there are no allegations that he (i) made or directed any defendant to make any statement that the TAC alleges was false or misleading; (ii) was involved in the preparation of any of the documents disseminated to Plaintiff that are alleged to contain misleading statements or omissions; or (iii) drafted, signed, approved, or prepared any filings that the TAC alleges to have been misleading. In addition, there is no basis to infer that Mr. Kulasooriya controlled any of the alleged misstatements and omissions.

Lastly, the TAC has not plead any facts supporting any plausible inference that Mr. Kulasooriya had "the power to direct or cause the direction of the management and policies" of any other putative violator of 1934 Act. Indeed, the TAC contains no factual allegations at all regarding the extent to which Mr. Kulasooriya could "control" any other defendants.

## VII. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE CALIFORNIA CORPORATIONS CODE AGAINST MR. KULASOORIYA

The TAC's second and fourth causes of actions purport to assert claims against Mr. Kulasooria for alleged violations of California Corporations Code §§ 25401, 25501 and 25504. These claims all fail for the same reasons stated by the Court in its order.

### A. Plaintiff's Sections 25401, 25501 and 25504 Claims Are Time-Barred

A claim under Sections 25401, 25501 and 25504 must be brought within the *earlier* of five years after the act constituting the violation, or two years of the discovery of facts constituting the violation. Cal. Corp. Code § 25506(b). The two-year discovery period is triggered by actual notice or inquiry notice, meaning the statute will commence when the plaintiff has reason to suspect that the defendant has made misrepresentations connected to the purchase of a security. *See Deveny v.*

*Entropin, Inc.*, 139 Cal. App. 4th 408, 422-23, 428-29 (2006).  A plaintiff has inquiry notice of securities fraud "when circumstances [would] suggest to an investor of ordinary intelligence the possibility that he has been defrauded." *Id.* at 428. Courts refer to these circumstances as "storm warnings," and they may include "any financial, legal, or other data, such as public disclosures in the media about the financial condition of the corporation that would tend to alert a reasonable person to the likelihood of fraud." *Id.*

In this case, the TAC establishes that Plaintiff was placed on notice of any alleged misstatements, omissions and/or possible malfeasance "in or about summer 2008," based on the fact that she became concerned about her "trading account and asked to have her funds returned [to her]." *See* TAC at ¶ 63.  Because this action was not filed until June 6, 2011 more than two years after Plaintiff was put on notice of possible fraud, it is therefore time-barred as a matter of law.

**B.    Plaintiff's Sections 25401 And 25501 Claims Fail Because The TAC Does Not Allege The Existence Of An Untrue Statement Of Material Fact Or Omission Of Material Fact In Connection With The Sale Or Purchase Of A Stock**

First, the Court noted in its Order that it was dismissing Plaintiff's Sections 25401 and 25501 claims [9] with prejudice unless Plaintiff could "allege[] no facts showing that [Mr. Kulasooriya] made any material misstatement or omission in connection with the sale of securities." Order at pp. 18, 29.  To state a claim under Section 25401, Plaintiff must allege with particularity the existence of an "untrue statement of material fact or [omission of] material fact" in connection with the "sale or purchase of stock."  Cal. Corp. Code § 25401; *MTC Electronic Technologies Co., Ltd. v. Leung*, 876 F. Supp. 1143, 1147 (C.D. Cal. 1995) (holding that a plaintiff "must allege that there was a sale or purchase of stock in California by fraudulent untrue statements or by omitting material facts that would by omission make the statements misleading").

Here, the TAC fails and should be dismissed with prejudice because it does not allege any facts with particularity showing that Mr. Kulasooriya made any material misstatement or omission in connection with the sale of a security.

**C.    Plaintiff's Sections 25401 and 25501 Claims Fail Due To A Lack of Privity**

---

[9] Plaintiff has apparently conceded that it never purchased or sold a Monvia security because the allegations for this cause of action (i.e., Count 3) and its accompanying prayer for relief do not even mention Monvia.

Further, and as held by the Court in its prior Order, the TAC again fails to allege facts showing that Plaintiff was in privity with regard to Mr. Kulasooriya.  Order at p. 18.

It is well-established that liability under Section 25501 is limited to a seller in strict contractual privity with the plaintiff.  *Apollo Capital Fund, LLC. v. Roth Capital Partners*, LLC, 158 Cal. App. 4th 226, 253 (2007) (affirming dismissal of Section 25501 claim due to a lack of privity, stating "Section 25501 on its face requires privity between the plaintiff and the defendant"); *see also SEC v. Seaboard Corp.*, 677 F.2d 1289, 1296 (9th Cir. 1982) (dismissing § 25501 claim against attorney-agent of corporation on basis that he was "not the literal seller, as required by this section"); *In re Diasonics Sec. Litig.*, 599 F. Supp. 447, 459 (N.D. Cal. 1984).

Here, Plaintiff did not purchase any Monvia securities from Mr. Kulasooriya and thus lacks privity to pursue the Sections 25401 and 25501 claims.

### D. Plaintiff's Section 25504 claim against Mr. Kulasooriya fails because the TAC has failed to establish control

Plaintiff's fourth cause of action against Mr. Kulasooriya must be dismissed for failing to establish that Mr. Kulasooriya was a controlling person.  The Court held in the Order that it was doubtful that Plaintiff could establish liability under section 25504 in light of the fact that "given that the claims against [Mr. Kulasooriya] are based solely on statements by Fischer, which plaintiff has not shown to have been false or misleading when made." Order at pp. 19-20.  The Court's doubts have proven to be correct as the TAC rehashes these exact same allegations.  TAC at ¶ 69.

To establish "control person" liability under section 25504, a plaintiff must plead that the defendant was in control of a person liable under sections 25501.  *Bains v. Moores*, 172 Cal. App. 4th 445, 479 (2009).  Moreover, a plaintiff must plead facts with particularity "from which an inference can be drawn that the defendant had the power to control the general affairs of the entity primarily liable at the time the entity violated the securities laws ... [and] had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in the primary liability."  *Hellum v. Breyer*, 194 Cal. App. 4th 1300, 1317 (2011); *see also Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000) ("Control" requires pleading allegations concerning "the defendant's participation in the day-to-day affairs of the [primary violator] and the

defendant's power to control [the primary violator's] corporate actions…"); *see also In re Downey Sec. Litig.*, 2009 WL 736802, at * 15 (a plaintiff must plead facts showing "the times, dates, and places that such control allegedly occurred").

In addition, to establish liability, a cause of action for Section 25504 will fail if the alleged control person had "no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist."  Cal. Corp. Code § 25504.  Therefore, to assert a claim under section 25504, the TAC must demonstrate that Mr. Kulasooriya had knowledge of the alleged violation of California's securities laws.  *See Durham v. Kelly*, 810 F.2d 1500, 1505 (9th Cir. 1987) (concluding that a plaintiff could not establish liability under Section 25504 against the director where evidence showed only that he "had actual power or influence over general corporate affairs" but not that the defendant had knowledge of the alleged illegal activity).

Plaintiffs has failed to allege any facts, let alone facts with any sort of particularity that Mr. Kulasooriya was a "controlling person."  Indeed, the TAC is bereft of any allegations that detail the times, dates, and places that such control allegedly occurred and instead simply states in a purely conclusory manner that "defendants were in direct control of, and directly involved in, the engagement of Fischer as their agent and/or broker dealer."  *See* TAC at ¶ 151.  In addition, the TAC has also failed to allege facts that show that Mr. Kulasooriya had any of knowledge of any violations of California securities laws.

## E.   Plaintiff's Cause of Action Under California Corporations Code § 25501.5 Is Time Barred

Plaintiff's ninth cause of action alleges that Monvia and Mr. Kulasooriya, *inter alia*, violated California Corporations Code §25501.5 because they purportedly "knew or should have known that Fischer was an unlicensed investment advisor."  TAC at ¶ 189.  While there is no express reference to what the statute of limitations is with regard to causes of action asserted under it and little case law interpreting it, a review of the text of the statute and its accompanying legislative history indicates that a two-year statute of limitations should apply.

California Corporations Code §25501.5(a)(1) states that a violation occurs when a person "*purchases a security* from or sells a security to a broker-dealer that is required to be licensed and has not [been so licensed], *at the time of the sale or purchase....*".  Cal. Corp. Code § 25501.5

1   (emphasis added).  Corporations Code § 25501.5 was adopted as part of California Assembly Bill

2   2167, § 2, 2004 Cal. Legis. Serv. Ch. 575, CA Legis. 575 (2004).  That same bill applied the five

3   year/two year statute of limitations set forth in Corporations Code § 25506 to claims under

4   Corporations Code § 25501, and it thus appears that it was intended also to apply to claims under

5   Corporations Code § 25501.5.

6          Applying the two-year statute of limitations set forth in § 25506 makes sense because the

7   Legislature would not want alleged unlicensed broker dealers to face a different type of statute of

8   limitations than is faced by another class of securities defendants.  California's courts have

9   recognized that where a statute of limitations is not given the courts should look at the gravamen

10  of the complaint.  *Jefferson v. J. E. French Co.*, 54 Cal. 2d 717, 718 (1960).

11         Here, the claim is plainly a securities claim, and thus it makes sense to apply the securities

12  statute of limitations.  For these reasons, the statute of limitations set forth in § 25506 should apply

13  here.   The TAC alleges that Plaintiff made her first series of "loans and investments" in

14  "December 2006."  TAC at ¶ 42.  Even assuming, *arguendo*, that these "loans and investments"

15  were used to purchase securities, the statute of limitations began to run at the earliest in

16  "December 2006."  In addition, as discussed, *supra*, Plaintiff admits that she was placed on notice

17  regarding her investments "in or about summer 2008," based on the fact that she became

18  concerned about her "trading account and asked to have her funds returned [to her]."  *See* TAC at

19  ¶ 63.  All of these dates are more than two years prior to the filing of this action on June 6, 2011.

20      **F.    Plaintiff's Cause of Action Under California Corporations Code § 25501.5
               Fails As A Matter Of Law**

21         The ninth cause of action alleging that Defendants Monvia and Mr. Kulasooriya allegedly

22  utilized the services of was an unlicensed broker-dealer under Cal. Corp. Code §25501.5 should be

23  dismissed not just because it is barred by the statute of limitations, but for an additional reason.

24  Specifically, this claim fails as a matter of law because it seeks to create a new cause of action in

25  violation of an express statutory provision.  In relevant part, section 25501.5 provides as follows:

26              (a)(1) A person who purchases a security from or sells a security to a
                broker-dealer that is required to be licensed and has not, at the time of the
27              sale or purchase, applied for and secured from the commissioner a
                certificate under Part 3 (commencing with Section 25200), that is in effect
28              at the time of the sale or purchase authorizing that broker-dealer to act in

that capacity, **may bring an action for rescission of the sale or purchase or,** *if the plaintiff or the defendant no longer owns the security*, **for damages**.

Cal. Corp. Code § 25501.5 (emphasis added). In other words, section 25501.5 entitles a successful plaintiff to rescind a sale of a security, or if rescission is no longer possible because they sold the security, they can seek damages.

However, as discussed, *supra*, Monvia never sold any purported securities to Plaintiff nor did Plaintiff actually purchase any securities of Monvia. Therefore, there is nothing to rescind because the Monvia did not sell and Plaintiff did not purchase any alleged securities from Monvia. Indeed, the Court's Order noted that any amended complaint by Plaintiff "must allege facts showing plaintiff bought Monvia securities from an unregistered broker-dealer, and showing when she discovered the alleged violation." Order at p. 29. The fact that the TAC contains no such allegations warrants dismissal of these claims with prejudice against Defendants.

## VIII.   PLAINTIFF'S COMMON-LAW CLAIMS SHOULD BE DISMISSED

After dismissing federal securities claims at the pleadings stage, courts in this circuit routinely dismiss pendent state law claims for which only supplemental jurisdiction exists under 28 U.S.C. § 1367. *See Foster v. Wilson*, 504 F.3d 1046, 1051-52 (9th Cir. 2007) (affirming district court's decision to decline supplemental jurisdiction after dismissing Section 10(b) claim). Such is the case here. "No discovery has been taken. The parties have no investment in this Court beyond the instant motion[]." *Williams v. Berkshire Fin. Group, Inc.*, 491 F. Supp. 2d 320, 329 (E.D.N.Y. 2007). Accordingly, the Court should decline to exercise supplemental jurisdiction over Plaintiff's common-law claims.

### A.       Plaintiff's Common-law Fraud Claim Should Be Dismissed

Even if the Court were to exercise supplemental jurisdiction, it should dismiss Plaintiff's common-law fraud claim. First, Plaintiff premises its common-law fraud claim on the same conclusory allegations of "material misrepresentations and omissions" as the federal claim. As demonstrated above in Sections II and V, Plaintiff has not alleged a single fact to support those allegations, let alone the particularized facts that Rule 9(b) requires. *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008).

### B.       Plaintiff Fails To State A Claim For Negligent Misrepresentation

1        In her eighth causes of action, Plaintiff attempts to assert a claim for California common law negligent misrepresentation. To state a claim for negligent misrepresentation, Plaintiff must allege (i) a misrepresentation, (ii) intent to induce reliance on the fact misrepresented, (iii) justifiable reliance, and (iv) resulting damage. *See Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1140–41 (C.D. Cal. 2003). Plaintiff is required to plead these elements with the particularity required by FRCP 9(b). *See Deitz v. Comcast Corp.*, 2006 WL 3782902, at *6 (N.D. Cal. Dec. 21, 2006) (holding that FRCP 9(b) applies to negligent misrepresentation claims).

        As discussed above, Plaintiff has failed to plead with particularity that Mr. Kulasooriya or anyone from Monvia made any false or misleading statements. *See* § II, V, *supra*. This failure is fatal to its common law misrepresentation claims, which should be dismissed. *See, e.g., Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594, 606-607 (N.D. Cal. 2007) (negligent misrepresentation claim dismissed where plaintiffs failed to identify each defendant's specific misrepresentations or identify "the specific role of [the defendant] in the fraudulent scheme").

### C.    Plaintiff Lacks Standing To Bring Fiduciary Duty Claim Because She Does Not Allege That She Was A Shareholder Of Monvia

        Plaintiff's breach of fiduciary duty claim should be dismissed because Plaintiff lacks standing. Federal Rule of Civil Procedure 23.1 requires a derivative plaintiff to plead that she "was a shareholder . . . at the time of the transaction complained of[.]" Such a plaintiff must also "retain ownership of the stock for the duration of the lawsuit." *Lewis v. Chiles*, 719 F.2d 1044, 1047 (9th Cir. 1983). Where, as here, the Plaintiff fails to satisfy this threshold requirement, she lacks standing to pursue shareholder derivative claims.

        In this case, it is undisputed that Plaintiff was not a shareholder of Monvia. However, even assuming *arguendo* that she was, Plaintiff has failed to provide the basic information necessary to satisfy this requirement of Rule 23.1. The TAC does not allege the dates, if any, on which Plaintiff purchased their stock in Monvia. Simply stated, the TAC contains no assertions that Plaintiff was a shareholder of Monvia at the time of the continuing wrong complained of.

        The TAC also fails to confer standing because it does not establish when Plaintiff purchased her shares. *See, e.g., In re VeriSign, Inc., Deriv. Litig.*, 531 F. Supp. 2d 1173, 1202 (N.D. Cal. 2007) ("plaintiffs must unambiguously indicate in any amended complaint the dates they purchased

. . . stock"); *In re Sagent Tech., Inc. Deriv. Litig.*, 278 F. Supp. 2d 1079, 1096 (N.D. Cal. 2003) ("[T]he complaint must indicate when plaintiffs bought stock.").  Because Plaintiff fails to satisfy this threshold requirement, the TAC must be dismissed with prejudice.

### D. Plaintiff's Breach Of Fiduciary Duty Claim Should Be Dismissed Because It Was Not Brought As A Derivative Action

Where a claim belongs to a corporation, rather than to shareholders acting in their own right, it must be brought as a derivative, rather than a direct action.  *See Aronson v. Lewis,* 473 A.2d 805, 809 (Del. 1984), *overruled on other grounds, Brehm v. Eisner,* 746 A.2d 244 (Del. 2000); *Schuster v. Gardner*, 127 Cal. App. 4th 305, 309 (Cal. App. Ct. 2005).[10]  Only where there is a "special duty, such as a contractual duty, between the wrongdoer and the shareholder, or when the shareholder suffers injury separate and distinct from that suffered by other shareholders" may a shareholder bring a direct action.  *Sax v. World Wide Press, Inc.*, 809 F.2d 610, 614 (9th Cir. 1987).  It is well-settled that claims must be brought as a derivative action if "the gravamen of the complaint is injury to the corporation, or to the whole body of its stock and property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets."  *Schuster*, 127 Cal. App. 4th at 313.  Because such claims belong to the company itself, a plaintiff may not proceed with them unless they have either made a demand on the board of directors or shown, by means of particularized facts, that such a demand would be futile.  *In re Verisign, Inc. Deriv. Litig.*, 531 F. Supp. 2d 1173, 1188 (N.D. Cal. 2007).

As discussed, *supra*, Plaintiff was never a shareholder of Monvia and thus cannot assert a derivative action on its behalf.[11]  However, even assuming *arguendo* that Plaintiff was a shareholder of Monvia – which she is not – her breach of fiduciary duty claim still fails as a matter of law.  In this case, the crux of Plaintiff's breach of fiduciary duty claim is that Monvia was allegedly injured

---

[10] Because Monvia is a Delaware corporation, Delaware law governs the extent of the demand requirement and the circumstances under which demand is excused.  *See Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 108-09 & n.10 (1991) (courts "must apply the demand futility exception as it is defined by the law of the State of incorporation").

[11] The argument still applies even if Plaintiff is alleging that Mr. Kulasooriya owed her fiduciary duties because she allegedly was a shareholder of PeerDreams or New Moon of which she alleges Mr. Kulasooriya was a director of.  Any resulting damage from an alleged breach of fiduciary duties is suffered by the corporation.  Further, the TAC has not alleged that she has made a pre-suit demand on the board of directors for these two companies or why demand should be excused.

1    and *its* assets dissipated as a result of actions or inactions of its directors.  *See* TAC at ¶¶ 104-107.

2    Assuming that Plaintiff's allegations are sufficient to state a claim at all – which they are not – she

3    has only alleged damage only to Monvia, and not to Plaintiff directly or individually.  As such, the

4    breach of fiduciary duty claim may be brought – if at all – only derivatively.

5           In addition, the TAC does not allege that she made a demand upon Monvia's board of

6    directors prior to bringing this lawsuit.  Plaintiff thus can maintain this action only if she alleges

7    particularized facts showing the futility of demand.  Here, Plaintiff's failure to make a pre-suit

8    demand is fatal to her claim.

9           **E.      Plaintiff's *Respondeat Superior* Claim Fails Because It Relies on Conclusory
             Allegations of Agency**

10          Instead of attributing any alleged misstatements to Monvia or Mr. Kulasooriya, as required

11   by Rule 9(b), Plaintiff improperly seeks to hold them vicariously liable under a *respondeat superior*

12   theory for defendant Fischer's alleged fraudulent statements.  Thus, Plaintiff alleges that Defendants

13   are liable under the doctrine of *respondeat superior* alleging that Defendant Fisher was an "agent"

14   of not Mr. Kulasooriya personally or Monvia, but of two companies that Mr. Kulasooriya was a

15   director for, PeerDreams and New Moon.  TAC at ¶ 202.  As discussed, *infra*, Plaintiff's *respondeat*

16   *superior* claim fails as a matter of law.

17          As noted by the Court in its Order, when a plaintiff alleges that a defendant is liable for

18   fraud under an agency theory, Rule 9(b) requires that the plaintiff allege with particularity facts that

19   support the existence of an agency relationship.  See Order at p. 15; *Swartz v. KPMG LLP*, 476 F.3d

20   756, 764-65 (9th Cir. 2007); *RPost Holdings, Inc. v. Trustifi Corp.*, 2011 WL 4802372, at *4 (C.D.

21   Cal. October 11, 2011); *Palomares v. Bear Stearns Residential Mortgage Corp.*, 2008 WL 686683,

22   at *4-5 (S. D. Cal. March 13, 2008); *Weinstein v. Saturn Corp.*, 2007 WL 1342604 at *1 (N.D. Cal.

23   May 8, 2007).  Moreover, bare assertions and conclusory statements regarding agency that are cast

24   as factual allegations do not meet the requirements of federal pleading practice.  *See In re Toyota*

25   *Motor Corp.*, 785 F. Supp. 2d 883, 911 (C.D. Cal. 2011) ("Plaintiff may not rest on legal

26   conclusions regarding agency that are cast as factual allegations").  Under Rule 9(b), a complaint

27   may not, as here, simply conflate allegations against multiple defendants, make conclusory

allegations that other defendants knew about certain, unspecified false statements, and then contend that the defendants were active participants in the conspiracy or were acting as agents of these two defendants. *Swartz*, 476 F.3d at 765; *Rpost*, 2011 WL 4802372, at *4; *Palomares*, 2008 WL 686683, at *4-5. Rather, a plaintiff must plead facts establishing an agency relationship with Rule 9(b) particularity, including "(1) that the agent or apparent agent holds power to alter the legal relations between [the] principal and third persons and between [the] principal and himself; (2) that the agent is a fiduciary with respect to matters within [the] scope of [the] agency; and (3) that the principal has right to control [the] conduct of [the] agent with respect to matters entrusted to him." *Rpost*, 2011 WL 4802372, at * 4; *Palomares*, 2008 WL 686683, at *4.

Here, Plaintiff's *respondeat superior* claim fails in so much as it does not even allege that Mr. Fischer was an agent for Monvia or Mr. Kulasooriya. The TAC makes it abundantly clear that any purported agency relationship was between Mr. Fischer and the companies that Mr. Kulasooriya allegedly served as a director for (i.e., New Moon and PeerDreams). TAC at ¶ 202. Thus, this cause of action should be dismissed for this reason alone.

Further, Plaintiff has failed to allege the factual predicate of an agency relationship with any particularity because: (1) the TAC does not allege that Mr. Fischer had the power to alter the legal relations between Defendants and Plaintiff; (2) it does not allege that Mr. Fischer acted as Defendants' fiduciary; and (3) it does not plead any facts showing that Defendants had the right to control the conduct of Mr. Fischer. Indeed, the TAC has not even alleged that anyone at Monvia or Mr. Kulasooriya had any communications with Mr. Fischer regarding any of the other named defendants or Plaintiff. Accordingly, the TAC's conclusory allegations of agency do not meet the minimum requirements of federal pleading practice and this cause of action should be summarily dismissed.

## CONCLUSION

For the forgoing reasons, Defendants Mani Kulasooriya and Monvia, LLC's motion to dismiss should be granted and Plaintiff's Third Complaint should be dismissed with prejudice.

Dated: May 28, 2013          **THE LAW OFFICES OF TOM CHIA-KAI WANG**

                             By: _/s/ Tom Chia Kai Wang_

                             Tom Chia Kai Wang

                             Attorney for Defendants Mani Kulasooriya and Monvia,
                             LLC