| | |
|---|---|
| 1 | Mary C. Garfein |
| 2 | 2469 Warren Lane |
|   | Walnut Creek, CA  94597 |
| 3 | State Bar No: 195923 |
|   | (925) 788 - 8320 |
| 4 | Attorney for Defendant Jorge Fernandes |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUZANNE D. JACKSON, | Case No. 4:11-cv-02753-PJH |
| Plaintiff, | **DEFENDANT JORGE FERNANDES' REPLY TO PLAINTIFF SUZANNE JACKSON'S OPPOSITION** |
| v. | |
| WILLIAM FISCHER, JON SABES, STEVEN SABES, MARVIN SIEGEL, BRIAN CAMPION, LONNIE BOOKBINDER, MANI KOOLASURIYA, JORGE FERNANDES, JOSHUA ROSEN, STEVE WATERHOUSE, JEAN PAUL a/k/a "BUZZY" LAMERE, UPPER ORBIT, LLC, SPECIGEN, INC., PEER DREAMS INC., NOTEBOOKZ INC., ILEONARDO.COM INC., NEW MOON LLC, MONVIA LLC, CII LIMITED, and SAZANI BEACH HOTEL, | Date: September 25, 2013<br>Time: 9:00 a.m.<br>Judge: Honorable Phyllis J. Hamilton<br>Courtroom: 3, 3rd Floor |
| Defendants. | |

# INTRODUCTION

Plaintiff has failed to assert sufficient facts as to Defendant Jorge Fernandes with respect to any claim in the Third Amended Complaint (the "TAC"). As with Mr. Fernandes' prior Motion to Dismiss, which was granted in its entirety by the Court, Plaintiff opposes this current motion to dismiss largely by ignoring the Court's direction. Instead, the Opposition repeats conclusory statements about all defendants and makes general assertions about purported misstatements and omissions. Plaintiff misses entirely that she needs *facts*, existing at the time of the supposed misstatements, which support a strong inference that the statements made by defendant William Fischer were false or misleading when made, that Fischer was at least deliberately reckless in not so recognizing, and that Fischer was controlled by Mr. Fernandes. Instead, Plaintiff continues to rely on the same "facts" contained in her prior complaint that has already been deemed by this Court to be "confusing and replete with conclusory allegations." March 15, 2013 Order (ECF Docket No. 177) (hereafter referred to as the "Order").

In short, the Opposition makes no attempt to explain any of the fatal pleading deficiencies and the Court should dismiss all of the remaining claims[1] against Mr. Fernandes with prejudice. As set forth in the reply of defendants Monvia LLC and Mani Kulasooriya, in which Mr. Fernandes is joining, the claims against him should be dismissed because they are insufficiently pled. In addition, the claims against Mr. Fernandes should be dismissed with prejudice for these additional reasons. First, Plaintiff's claim that Mr. Fernandes is secondarily liable as a "control person" or under a *respondeat superior* fails to (i) plead facts showing that there was a primary violation, (ii) that Mr. Fernandes had actual control over an alleged primary violator and (iii) plead particularized facts showing the existence of an agency relationship between an alleged primary violator and Mr. Fernandes. Second and as noted by the Court in its Order, all of the California Corporations Code claims against Mr. Fernandes are time-barred because he was not named in the lawsuit until June 15, 2012, at which time the applicable statutes of limitations had expired. Lastly, the common law fraud and negligent misrepresentations are not plead with particularity.

For these reasons, the Court should dismiss the claims against Mr. Fernandes with prejudice.

---

[1] The Section 10(b) and Rule 10b-5 claims against Mr. Fernandes were dismissed with prejudice in the Court's Order.

# ARGUMENT

## I. MR. FERNANDES CANNOT BE LIABLE AS A CONTROL PERSON UNDER SECTION 20 OR RESPONDEAT SUPERIOR

The Opposition attempts to claim that Mr. Fernandes is liable not only as a control person as defined by Section 20 of the 1934 Act ("Section 20"), but also liable under the doctrine of *respondeat superior*. Opp. at p. 30. Tellingly, the TAC and Opposition confirms that at no point was Defendant Fisher ever an "agent" of Mr. Fernandes, but that Plaintiff is claiming that the alleged *respondeat superior* claim arises out of Fischer's alleged actions on behalf of the companies whom Mr. Fernandes sat on the board of directors. Opp. at p. 30. ("[T]hey are liable under the doctrine of *respondeat superior* … [because] Fischer was [an] agent for the corporation.").

Further, Plaintiff concedes in her Opposition that she has failed to allege the requisite control as required to establish liability under Section 20, but instead relies on the incorrect argument that "defendant's title and responsibilities are usually sufficient to establish control." Opp. at 31. As discussed, *infra*, both arguments must fail as a matter of law.

### A. Plaintiff Does Not Plead a Section 20 Control Person Claim

#### 1. No primary violation has been established

The Opposition contains not a single argument that there has been a primary violation of Section 10(b), but assumes that Fischer has committed a primary violation. A plaintiff alleging a Section 20 claim must plead facts showing a primary violation under the Exchange Act, and must also allege that the defendant exercised actual power or control over the primary violator. *No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. America West Holding Corp.*, 320 F.3d 920, 945 (9th Cir. 2003). The TAC confirms and the Opposition does not dispute that even as to Fischer and as recognized by the Court previously "there are no facts pled showing why the allegedly false statements were false when they were made." Order at p. 42. No facts are pled as to *why* any statements made by Fischer was false and misleading at the time they were made and that he had the requisite scienter at the time he made the alleged statements. This defect is fatal to Plaintiff's control person claim because without Fischer, there is no primary violation.

### 2. Mr. Fernandes' status as an alleged director of PeerDreams and New Moon at the time the investments were made is not enough to establish that he exercised actual power or control over a primary violator

Recognizing that the TAC has failed to plead a primary violation of Section 10(b), the Opposition shifts gears and now premises the control person claim against Mr. Fernandes solely on his alleged position as a director at PeerDreams and/or New Moon.[2]  Opp. at p. 31.  Plaintiff cites several *unpublished* decisions to support her argument that "defendant's title and responsibilities are usually sufficient to establish control."  Opp. at 31.

The reason those cases are unpublished is because they do not accurately state the law.  The great majority of cases in the Ninth Circuit and other circuits hold that being an officer or director of a company does not create any presumption of control.  *Paracor Fin., Inc. v. GE Capital Corp.*, 96 F.3d 1151, 1163 (9th Cir. 1996); *see also Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1441 (9th Cir. 1987) (holding that "status or positions of an alleged controlling person, by itself, is insufficient to presume or warrant a finding of control or influence"); *Burgess v. Premier Corp.*, 727 F.2d 826, 832 (9th Cir. 1984) ("A director 'is not automatically liable as a controlling person'"); *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1163 (C.D. Cal. 2007) (dismissing "boilerplate allegation" of control); *In re Downey Sec. Litig.*, 2009 WL 736802, at *15 (C.D. Cal. Mar. 18, 2009) (stating that "the times, dates, and places that such control allegedly occurred" must be pled).

The Opposition does not even contest the numerous factual deficiencies identified in the Opening Brief as to the TAC's unparticularized allegations of control against Mr. Fernandes.  Instead, the Opposition lumps each of the defendants together providing a boilerplate statement that all D&O defendants sat on the Board of small, closely held companies and, therefore, must have been involved with the day to day operations of the company.  There is no statement in the Third Amended Complaint that Mr. Fernandes made any statement to Plaintiff, attended any meeting, authored any document or, with any specifics, participated in the day to day operation of either New

---

[2] Plaintiff appears to have conceded that she never purchased securities of Monvia because she lists entities that she alleged invested in and none of the entities are Monvia.  *See* Opp. at p. 34.

Moon or PeerDreams. Since the Plaintiff failed to allege any fact against Mr. Fernandes directly, this cause of action against him should be dismissed with prejudice.

### B. Plaintiff's *Respondeat Superior* Claim Fails Because It Relies on Conclusory Allegations of Agency

Plaintiff boldly proclaims in her Opposition that "none of [the Defendants] confronts or explains their relationship to Fischer." Opp. at p. 30. However, it is not the Defendant's job to explain their relationship. It is the Plaintiff's job to state facts that are sufficient to show a relationship. Rather than stating facts, Plaintiff merely states in a conclusory manner that Fischer "acted as an agent for, and was engaged by" Defendants. TAC at ¶ 201. This allegation fails to meet the requirements of Rule 9(b) insofar as they are merely conclusory and do not state a legally cognizable agency relationship.

Further, the TAC and the Opposition do not address at all Mr. Fernandes' argument in his Opening Brief that Rule 9(b) requires that the plaintiff allege with particularity facts that support the existence of an agency relationship when a plaintiff alleges that a defendant is liable for fraud under an agency theory. *See* Order at p. 15 ("Rule 9(b) requires that the existence of the agency relationship be pled with particularity."); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007); *RPost Holdings, Inc. v. Trustifi Corp.*, No. CV 11–2118, 2011 WL 4802372, at *4 (C.D. Cal. October 11, 2011); *Palomares v. Bear Stearns Residential Mortgage Corp.*, No. 07cv01899, 2008 WL 686683, at *4-5 (S. D. Cal. March 13, 2008); *Weinstein v. Saturn Corp.*, No. C-07-0348, 2007 WL 1342604 at *1 (N.D. Cal. May 8, 2007). The Opposition's bare assertions and conclusory statements regarding agency that are incorrectly cast as factual allegations do not meet the requirements of federal pleading practice. *See In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 911 (C.D. Cal. 2011) ("Plaintiff may not rest on legal conclusions regarding agency that are cast as factual allegations.").

The TAC has not plead facts establishing an agency relationship with Rule 9(b) particularity. Indeed, the TAC has not even alleged that Mr. Fernandes had any communications with Fischer regarding any of the Defendants or Plaintiff. Rather, the TAC and the Opposition does not dispute that the entire basis of this claim is a single conclusory statement that Mr. Fischer was

an agent for all Defendants. For these reasons, this cause of action against Mr. Fernandes should be dismissed with prejudice.

## II. PLAINTIFF DOES NOT PLEAD ANY COGNIZABLE CLAIMS AGAINST MR. FERNANDES UNDER THE CALIFORNIA CORPORATIONS CODE

Plaintiff's claims under California's securities laws should be dismissed for the reasons discussed in the Monvia defendants' motion. Moreover, they are defectively pled with respect to Mr. Fernandes for several additional reasons.

### A. Plaintiff's TAC Does Not Allege A Basis For Tolling The Statute Of Limitations

The Opposition concedes that Section 25506 applies for establishing the statute of limitations for the claims asserted under the California Corporations Code (Opp. at p. 37 ("The limitations provision applicable to the California claims is found in sec. 25506.")), but asserts incorrectly that Mr. Fernandes has "disregard[ed] the 5 year "from date of sale" part of the statute. Opp. at p. 37. In reality, it is Plaintiff who disregards the explicit wording of Section 25506.

Section 25506(b) of the California Corporations Code states that "no action [under §§ 25501, 25504] shall be maintained . . . unless brought before the expiration of five years after the act or transaction or . . . the expiration of two years after the discovery by the plaintiff of the facts constituting the violation, *whichever shall expire first*."). Cal. Corp. Code § 25506(b) (emphasis added). Therefore, the plain wording of the statute shows that a claim under these relevant portions of the California Corporations Code must be brought within the *earlier* of five years after the act constituting the violation, or two years of the discovery of facts constituting the violation.

In addition, the Opposition does not even attempt to address the Court's Order which held that "the Corporations Code claims against Mr. Fernandes must be dismissed "with prejudice" unless the "plaintiff … allege[d] some basis for tolling the running of the statute of limitations." Order at p. 36. The reason for the Court's ruling was that Mr. Fernandes was not named as a defendant in the original complaint filed on June 6, 2011 and thus the statute of limitations for the California Corporations Code claims against him had run by the time Mr. Fernandes was named in the Second Amended Complaint filed on June 15, 2012.

The Court held in its Order that California law applies when determining whether the claims relate back to the original complaint. Order at p. 36. Under California law, an amended complaint

that adds a new defendant (i.e., Mr. Fernandes) does not relate back to the date of filing of the original complaint unless the new defendant is being substituted for a fictitious Doe named in the original complaint. *See Hawkins v. Pacific Coast Bldg. Prods.*, Inc., 124 Cal. App. 4th 1497, 1503 (citing *Woo v. Superior Court*, 75 Cal. App. 4th 169, 176 (1999).

Here in this case, the Opposition makes no mention of Mr. Fernandes as being substituted for a fictitious Doe defendant named in Plaintiff's complaint filed on June 6, 2011. That makes sense because the June 6, 2011 complaint did not name any fictitious Doe defendants so it stands to reason that Mr. Fernandes could be substituted for one of them. Further, the TAC contains no allegations as they apply to Mr. Fernandes as to why the statutes of limitations for the California Corporations Code claims should be tolled as to him. Instead, the Opposition again lumps individual statements from several of the different defendants to show a pattern of continual inquiry. Accordingly, because the Opposition does not address the TAC's failure "allege[d] some basis for tolling the running of the statute of limitations [as against Mr. Fernandes]" this Court should dismiss the California Corporations Code claims against him with prejudice.

### B. Plaintiff's Claim Under Sections 25401 and 25501 Is Insufficient Because There Was No Actionable Misstatement By Mr. Fernandes Or Privity

Even, assuming *arguendo* that the statute of limitations for the California Corporations Code claims against Mr. Fernandes did not expire, the Opposition does not challenge Mr. Fernandes' argument that the claims under Sections 25401 and 25501 fails as a matter of law because no representation were made by Mr. Fernandes to Plaintiff.

Plaintiff also cannot state a claim against Mr. Fernandes under these sections because he did not sell Plaintiff any securities. Section 25501 is clear that a purchaser of securities may only bring claims against the person or entity who sold it the securities. Cal. Corp. Code §25501 ("Any person who violates Section 25401 shall be liable to the person who purchases a security from him . . . ."). Actual privity is required. *SEC v. Seaboard Corp.*, 677 F.2d 1289, 1296 (9th Cir. 1982) (Section 25401 limits liability to the "literal seller"); *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 253-54 (2007) ("Section 25501 on its face requires privity between the plaintiff and the defendant. . . . [L]iability under section 25501 attaches only to the actual seller of the securities."). Plaintiff claims to have purchased the alleged securities from the

corporate defendants Specigen, Notebookz, PeerDreams, New Moon and Toppost. *See* TAC at ¶ 137; Opp. at p. 34. The TAC does not, and cannot, claim that it was Mr. Fernandes who sold Plaintiff the alleged securities.

### C. Mr. Fernandes Cannot Be Liable for Violating Section 25504 Because He Did Not Control Any Underlying Violation

Plaintiff's claim under Section 25504 should also be dismissed because there is no actionable underlying claim under Section 25401. *See* Cal. Corp. Code §25504 (providing for joint and several liability for violations of §25401); *Bains v. Moores*, 172 Cal. App. 4th 445, 479 (2009) (affirming dismissal of §25504 claim where no primary liability claim is pled).

Even if a primary violation by Specigen, Notebookz, PeerDreams, New Moon and Toppost (the entities purportedly in privity with Plaintiff) had been adequately pled, the TAC does not adequately allege that Mr. Fernandes controlled those corporate entities. The TAC does not contain any fact that demonstrates Mr. Fernandes was in a position of control of either PeerDreams or New Moon. Again, the TAC relies on conclusory statements that Mr. Fernandes was a director of a small, closely held company and, therefore, had to have been in a position of control. For the same reasons that the Section 20(a) claim is insufficient, the California control person claim is also insufficient. *Kainos Labs.*, 1998 WL 2016634, at *14 ("[T]he control person statute under California law is substantially the same as the federal statute.").

### D. Plaintiff's Cause of Action Against Mr. Fernandes Under California Corporations Code § 25501.5 Fails As A Matter Of Law

Plaintiff's Opposition argues that "issuer liability is inherent in [section] 25501.5." Opp. at p. 36. This belies their argument that Mr. Fernandes is liable under § 25501.5 because the Opposition concedes that she did not purchase any securities from him. Opp. at p. 34. Nor does she allege that Mr. Fernandes was "engaged in the business of effecting transactions in securities in this state for the account of others or for his own account." Cal. Corp. C. § 25004 (defining the term "broker-dealer").

The plain language of § 25501.5 indicates that it only provides a cause of action to a "person who *purchases* a security from or *sells* a security…" The Opposition does not dispute that in this case that Plaintiff never purchased or sold a security from Mr. Fernandes nor is he an

unlicensed broker-dealer. Indeed, the Opposition appears to concede the former because it names several other entities from which Plaintiff allegedly purchased securities from, but does not name Mr. Fernandes as one of those entities. Opp. at p. 34. Therefore, the Corporations Code § 25501.5 claim against Mr. Fernandes must be dismissed with prejudice.

## III. PLAINTIFF'S COMMON-LAW CLAIMS SHOULD BE DISMISSED

### A. Plaintiff's Common-law Fraud Claim Should Be Dismissed

The Opposition claims that it has presented "twenty-four detailed, itemized allegations, which at this juncture are assumed to be true." However, none of these statements were made by Mr. Fernandes. In addition, Plaintiff is required under Rule 9 and the PSLRA to state the reasons why an alleged statement is misleading. Simply listing a laundry list of statements and concluding they were false without actually explaining in detail *why* any of the statements are allegedly false when made does not satisfy the particularity requirements of the PRSLA and Rule 9. *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged); *see also* Order at p. 24 ("The SAC does not … plead facts showing why the statements were false at the time they were made.")

Moreover, the Opposition never addresses Mr. Fernandes' arguments in his Opening Brief that he never made any statements to Plaintiff. Indeed, and as conceded in the Opposition, all of these so-called alleged misrepresentations were made by Fischer, not Mr. Fernandes. Accordingly, as Plaintiff has based her common-law fraud claim on the same conclusory allegations of "material misrepresentations and omissions" as the federal claim, this cause of action should be dismissed with prejudice against Mr. Fernandes.

## CONCLUSION

For the forgoing reasons and those stated in the Opening Brief and those set forth in this Court's Order, Defendant Jorge Fernandes' motion to dismiss should be granted and Plaintiff's Third Amended Complaint should be dismissed with prejudice.

Dated: September 4, 2013          By: /s/ Mary C. Garfein

                                                                       Mary C. Garfein

                                                                       Attorney for Defendant Jorge Fernandes