GREGORY M. DOYLE (SBN 092155)
THOMAS M. CROWELL (SBN 172799)
TOSCHI, SIDRAN, COLLINS & DOYLE
5145 Johnson Drive
Pleasanton, CA 94588
Tel:  (510) 835-3400
Fax: (510) 835-7800

Attorneys for Defendant,
NEW MOON GIRL MEDIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUZANNE D. JACKSON,<br><br>             Plaintiff,<br><br>v.<br><br>WILLIAM FISCHER, JON SABES, STEVEN SABES, MARVIN SIEGEL. BRIAN CAMPION. LONNIE BOOKBINDER, MANI KOOLASURIYA. JORGE FERNANDES, JOSHUA ROSEN, STEVE WATERHOUSE, JEAN PAUL a/k/a "BUZZY" LAMERE, UPPER ORBIT, LLC., SPECIGEN, INC., PEER DREAMS, INC., NOTEBOOKZ INC., ILEONARDO.COM INC., NEW MOON LLC; MONVIA LLC, CH LIMITED AND SAZANI BEACH HOTEL.<br><br>             Defendants. | Case No.: 3: 11-cv-02753-PJH<br><br>**DEFENDANT NEW MOON GIRL MEDIA INC'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br><br>DATE:   September 25, 2012<br>TIME:    9:00 a.m.<br>DEPT:    3<br>JUDGE:  Hon Phyllis J. Hamilton<br><br><br>Complaint Filed: June 6, 2011<br><br>Trial Date: None |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT .......................................................................................................................2

    A. Plaintiff Fails To Satisfy The Requirement That She Allege Facts Demonstrating That She Purchased Securities From New Moon Girl, Or That Any Misrepresentation Was Made In Connection With The Purchase Of A Security. ...................................................................2

    B. Plaintiff Fails To Satisfy The Requirement That She Allege Facts Demonstrating That Her Claim Was Filed Within the Applicable Limitations Period. ...................................................4

    C. Plaintiff Fails To Satisfy The Requirement That She Allege Facts Demonstrating A Claim Under the California Corporations Code. ...................................................................7

    D. Plaintiff Addresses *None* of the Issues Raised in New Moon Girls Motion to Dismiss the 10th Claim For Relief for "Common Law Misrepresentation." ...............................................7

III. CONCLUSION....................................................................................................................8

1

3: 11-cv-02753-JSW: DEFENDANT NEW MOON GIRL MEDIA INC'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) ..........................................................4

*Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005)..........................................................................5

*Foman v. Davis*, 371 U.S. 178 (1962)................................................................................................4

*Merck & Co., Inc. v. Reynolds* 130 S. Ct. 1784..................................................................................5

*Mir v. Fosburg*, 646 F.2d 342 (9th Cir. 1980).....................................................................................4

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 157 (2008) .........................................2

**Federal Statutes**

28 U.S.C. § 1658(b).............................................................................................................................5

2

3: 11-cv-02753-JSW: DEFENDANT NEW MOON GIRL MEDIA INC'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

## I. INTRODUCTION

Once again, Plaintiff Suzanne Jackson ("Ms. Jackson" or "Plaintiff") chose to oppose all 12b6 motions filed against her in a single opposition. One again, while Plaintiff suggests that a single opposition is more convenient to the Court, an effect of her decision is that much of the opposition has no relevance to the issues raised by moving defendant New Moon Girl Media, Inc. (hereinafter "New Moon Girl".) For example, *once again,* there is extensive discussion in Plaintiff's opposition regarding "Director/Officer Defendants" and "controlling persons." Peculiar about this motion, compared to the last, is that Plaintiff argues strenuously for controlling party liability on the part of Nancy Gruver. As was stated in New Moon Girl's motion, Nancy Gruver has not been named as a defendant or served, New Moon Girl could and did only move on its behalf, and any argument concerning Nancy Gruver's personal liability is irrelevant to this motion.

Plaintiff continues to use her florid and dramatic prose to raise straw man arguments to deflect attention from the issues in this motion. It bears repeating that New Moon Girl raised but four issues in its motion:

1) Plaintiff's claims are time-barred by the applicable statues of limitations.

2) Plaintiff fails to state a claim under the Securities Act of 1934 as she cannot prove several elements necessary to support such a claim, not the least of which is that she never purchased any securities from New Moon, does not currently own any such securities, and pleads insufficient facts to support such a claim.

3) Because Plaintiff's Federal claims fail, her pendent State claims should be dismissed.

4) Plaintiff cannot maintain a claim under the various State common law and statutory schemes for the same reasons her Federal claims fail.

New Moon Girl shall address solely these elements, and demonstrate that Plaintiff's reply does not truly address the issues raised in this motion, though much ink is spilled on irrelevant matters, that the motion should be granted and that New Moon Girl should be dismissed with prejudice.

//
//

1

3: 11-cv-02753-JSW: DEFENDANT NEW MOON GIRL MEDIA INC'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

## II.     ARGUMENT

### A. Plaintiff Fails To Satisfy The Requirement That She Allege Facts Demonstrating That She Purchased Securities From New Moon Girl, Or That Any Misrepresentation Was Made In Connection With The Purchase Of A Security.

New Moon Girl's motion to dismiss Plaintiff's Second Amended Complaint was granted, with leave to amend, and the Court gave rather specific instructions as to what it expected in the third amended complaint. The Court's order stated that the motion was granted "based on plaintiff's failure to allege facts showing that she purchased securities from New Moon, or that anyone at New Moon made any false or misleading statements to her. She alleges in the SAC that New Moon made misrepresentations "through Fischer." However she has not alleged facts showing that those alleged false or misleading statements were made in connection with the purchase or sale of a security. (*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 157 (2008)). The dismissal is with leave to amend to allege facts sufficient to state a claim, in accordance with the standards set forth elsewhere in this opinion" (Order Granting Motions to Dismiss, Dated March 15, 2013 (hereinafter "the March 15th Order) 38:11-18.

First, it is quite clear that there is still no allegation whatsoever that any misrepresentation was made by New Moon Girl to Plaintiff. This failure was described in New Moon Girl's motion. Truly, the only new allegation is that New Moon Girl was advised by Fischer that Jackson was Fischer's partner. (Third Amended Complaint ("TAC ¶62").[1] This allegation does not satisfy the requirement, and the Court's instruction, that Plaintiff allege facts showing that *she* purchased New Moon Girl securities, or that New Moon Girl made false or misleading statements to *her*.

In opposition, Plaintiff does not show where these facts are alleged in the Complaint, nor does she even argue that such facts are not necessary. Stating that Defendants (presumably including New Moon Girl) are in a "state of denial," (Plaintiff's Opposition 5:9,) Plaintiff begins by strenuously arguing Director/Officer/Control person liability, which has not application to this Defendant as Nancy Gruver is not a named defendant. (Plaintiff's Opposition 6:5-7:16.) Plaintiff

---

[1] New Moon Girl recognizes that, for purposes of this motion to dismiss, allegations of the complaint are taken as true, but cannot help but note the delicious irony of Plaintiff trying to support her claims with the deposition testimony of the man whom she describes as a two time felon who's done "hard time."

2

3: 11-cv-02753-JSW: DEFENDANT NEW MOON GIRL MEDIA INC'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

then argues that she has pled 39 "specific misrepresentations," without recognizing that this motion is about the *quality*, not the *quantity* of the allegations. (See Plaintiff's Opposition 7:17-18:13).

Specific to New Moon Girl, Plaintiff describes the failure to sell securities to her as a "technical fact," mocking New Moon Girl for making "much" of this "technical fact." Of course, it is this Court that ordered Plaintiff to allege facts demonstrating that New Moon Girl sold securities to Plaintiff; to the extent Plaintiff mocks New Moon Girl, she also mocks the Court's order. Plaintiff then states that she was the "intended beneficiary" of the purchase, and in a footnote states that "as discussed below, the case law makes clear than an intended beneficiary has standing to bring claims." (Plaintiff's Opposition 21:25-22:1 and fn. 22.)

New Moon Girl has carefully reviewed the 40 page opposition and sees nowhere in the brief, above or below footnote 22, where this argument is made. New Moon Girl has made a valiant effort to review 9th Circuit and Supreme Court cases for authority concerning an "intended beneficiary" in securities fraud cases, to no avail. New Moon Girl cannot respond to an argument that Plaintiff failed to make. Plaintiff has not demonstrated that she owns any securities issued by New Moon Girl, and therefore she has no standing to bring this case against New Moon Girl.

Next, Plaintiff seems to completely ignore the requirement that alleged misrepresentations be made to *her* by New Moon Girl. Plaintiff states, again somewhat mockingly, that the Defendants "shamelessly admit and even boast to never having had direct contact with their benefactor…" (Plaintiff's Opposition 4:13-14.) Again, the Court's March 15th Order clearly noted that the Second Amended Complaint failed to allege "that anyone at New Moon made any false or misleading statements to her." (March 19th Order 38:12-13.) The Court also noted that none of these alleged misrepresentations were alleged to have been made "in connection with the purchase or sale of a Security." (March 19th Order 38:14-16.)

Plaintiff was invited to allege facts showing that misrepresentations were made *to her* in connection with the *sale or purchase* of a security. She failed to do so. Instead, she spends an inordinate amount of time discussing the the 39 allegations that she believes support her claim. New Moon Girl did not attack the individual misrepresentations in its Motion to Dismiss; except to

3

**3: 11-cv-02753-JSW: DEFENDANT NEW MOON GIRL MEDIA INC'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

note that the same failings in the Second Amended Complaint were carried forward to the Third Amended Complaint.

The case should be dismissed without leave to amend.  While the 9th Circuit holds that leave to amend should be liberally granted, there are limitations.  (*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).)  Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.  (*Id.;* See also *Foman v. Davis*, 371 U.S. 178, 182 (1962).)  Discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint (*DCD Programs, Ltd. v. Leighton*, supra, 833 F.2d at 186, fn. 3, citing *Mir v. Fosburg*, 646 F.2d 342 (9th Cir. 1980).)  Further amendment at this point would be an exercise in futility; clearly Plaintiff does *not* have facts to allege regarding *her* purchase of securities, that misrepresentations were made by New Moon Girl *to her,* or that those misrepresentations were made pursuant to the purchase or sale of a security.  If she did, she would have alleged them rather than mask her failure in the smoke and mirrors of all the misfeasance perpetrated on her by Fischer, the one clear malevolent actor in this entire saga.  The Motion should be granted.[2]

### B. Plaintiff Fails To Satisfy The Requirement That She Allege Facts Demonstrating That Her Claim Was Filed Within the Applicable Limitations Period.

Again, the Court's March 15th Order noted that, with respect to the argument that Plaintiff's claims against New Moon are time barred, plaintiff alleged that she " 'became concerned" in the summer of 2008 about the 'trading account' and her other investments … that she was on inquiry notice well over two years prior to the time the original complaint was filed; and that the SAC alleges no facts sufficient to support tolling of the statute of limitations." (March 15th Order 38:21-25.)  the Court stated that "any amended claim under §10(b) and Rule 10b-5 must also allege facts showing that the claim is not time barred." (March 15th Order 39:1-2.)

Plaintiff has alleged no such facts.  She has once again failed to follow the Court's

---

[2] New Moon Girl has no idea what Plaintiff is talking about in footnote 25.  The Motion to Dismiss the Third Amended Complaint refers to a Request for Judicial Notice filed with the Motion to Dismiss the Second Amended Complaint only in passing, and its motion is not "replete" with ay "inadmissible claims" or evidence.

4

**3: 11-cv-02753-JSW: DEFENDANT NEW MOON GIRL MEDIA INC'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

instructions. As best New Moon Girl can gather from Plaintiff's opposition, there is no argument as to the appropriate limitations period, but rather the question is when the Plaintiff "discovered" sufficient facts to trigger the beginning of the two year "after the discovery of the facts constituting the violation" aspect of the limitations period. (28 U.S.C. § 1658(b); *Merck & Co., Inc. v. Reynolds* 130 S. Ct. 1784, 1790.)

While New Moon Girl did argue inquiry notice in its motion, following the Court's March 15th order, the fact is that the Third Amended Complaint alleges *discovered facts* which trigger the 2 year limitation period. New Moon Girl agrees that the Supreme Court has ruled that the 2 year limitations period begins when the Plaintiff has discovered all of the elements of her claim, or when a reasonable plaintiff, through investigation and discovery, *would* have discovered the elements of her claim. (*Merck & Co. Inc. v. Reynolds* 559 U.S. 633, 644-45.) *Scienter* is an element of a securities fraud case which must be discovered. *Id.* at 649.) "Inquiry notice", separate from discovery, is when a plaintiff possesses a certain amount of knowledge or information which would trigger, in a reasonable plaintiff, the investigation that leads to discovery. (*Id.* at 650.) "Discovery", not "Inquiry Notice," triggers the 2 year limitation period (we are ignoring the 5 year aspect of the limitations period.) *Id.* at 652.)

In a typical § 10(b) private action, a plaintiff must prove (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation. (*See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-342 (2005).) New Moon Girl clearly alleges a failure to properly allege element 1 and 3, however the misrepresentations and omissions alleged by Plaintiff definitely occurred over two years before she filed her complaint. "From the latter half of 2008 into 2009, Fischer continued to represent to Jackson that he was working actively with defendants Specigen, New Moon, PureDreams, Toppost and Notebookz to improve their fortunes and "turn it around." (TAC ¶65.) "By mid-2009, Jackson became concerned about missed loan payments under the modified Upper Orbit repayment schedule, restructurings that never were finalized, a supposed sale of the Sazani Beach Hotel that did not close and the absence of current financial information that might put her

in a position to ascertain the prospects and financial status of her investments." (TAC ¶66.) Therefore, *at this point*, "the latter half of 2008, 2009," Plaintiff had already noted "missed loan payments" knew of restructurings that were not finalized, and lacked "current financial information that might put her in a position to ascertain prospects and financial status of her investments."

With respect to *scienter*, the Third Amended Complaint alleges in Paragraph 131 that "[t]he false, deceptive and misleading statements and omission were made and/or withheld with deliberate recklessness and/or with knowledge that they were false and misleading, and with the intent that those false statements and material omissions would be relied upon by Jackson to her detriment, and therefore constituted *scienter* for purposes of the Securities Act of 1934; to wit, the facts represented to Jackson, or withheld in the case of omissions, were specific, material facts within the knowledge of the named defendants that, in the absence of *scienter*, could and would have been disclosed to Jackson." (TAC ¶131.) Plaintiff's opposition continues the theme – that the misstatements and omissions themselves "are so inaccurate as to be either reckless or intentional" (Plaintiff's Opposition 27:4,) that the standard for *scienter* as the pleading stage is "… knowing or intentional conduct, or reckless conduct 'to the extent that it reflects some degree of intentional or conscious misconduct, or what we have called deliberate recklessness'," (Plaintiff's Opposition 26:12-15,) that the "omissions and misrepresentations are not amenable to an innocent explanation," (Plaintiff's Opposition 28:6), and that "it requires mental acrobatics to find such false claims to be by accident" (Plaintiff's Opposition 28:4-5.)

If that is the case, and engaging in a bit of logical jiu-jitsu, the Plaintiff knew, or should have known that the false claims and false omissions that she describes as occurring in 2008 and early to mid 2009 were "knowing, intentional conduct," "deliberate misrepresentations," "not amenable to innocent explanation," and not by accident. In other words, by her own claims regarding the clear *scienter* in the alleged misrepresentations and omissions she alleged, a reasonable plaintiff would have known or discovered the *scienter* therein at the time the omissions and misrepresentations were made. She certainly alleges no facts *disputing* the existence of *scienter* at the time the misrepresentations and omissions were made, nor any facts as to why the

6

3: 11-cv-02753-JSW: DEFENDANT NEW MOON GIRL MEDIA INC'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

1 Court should not find that when she learned of the problems described in her complaint, a
2 reasonable investor would not realize that intent, deliberate recklessness, or conscious misconduct
3 was involved.
4      Finally, with respect to equitable estoppels or equitable tolling, Plaintiff has not contested
5 that these doctrines do not apply.

    **C.  Plaintiff Fails To Satisfy The Requirement That She Allege Facts Demonstrating A Claim Under the California Corporations Code.**

     For the reasons stated above, which need not be repeated here, this claim is time barred. Further, once again, there are no facts supporting a purchase by Plaintiff of a security in California. The Court granted New Moon Girls Motion to Dismiss the California Corporation Code clauses of action in the Second Amended Complaint and gave leave to amend, instructing Plaintiff to "plead facts showing that plaintiff bought New Moon securities from an unregistered broker-dealer." Otherwise the dismissal is with prejudice." (March 15th Opinion 39:26-40:1.)  She has failed to allege that *she* bought any securities at all from New Moon Girl, and in fact the only facts alleged are that Fischer procured New Moon Girl securities for Upper Orbit, LLC.  Once again, in Plaintiff's opposition to the Corporations Code causes of action, Plaintiff segues into discussions of controlling persons, which has no relevance to New Moon Girl as its "controlling person" has never been named.  Plaintiff failed to satisfy the Court's order, the dismissal should not be with prejudice.

    **D.  Plaintiff Addresses *None* of the Issues Raised in New Moon Girls Motion to Dismiss the 10th Claim For Relief for "Common Law Misrepresentation."**

     Very specific issues were raised by New Moon Girl in this portion of its motion; none were addressed by Plaintiff.  Her conclusory statement (and yes, the Defendants get to point out that allegations in a complaint are conclusory when they are) that *she* is a shareholder in New Moon Girl are directly contradicted by other allegations in her complaint.  Her claims for misrepresentation are grounded on statements by *Fischer*, not New Moon Girl.  No facts suppoing agency are alleged.  Again, Plaintiff appears mightily impressed by the *number* of misrepresentations and omissions alleged in her complaint, but the number of allegations is not the

7

3: 11-cv-02753-JSW: DEFENDANT NEW MOON GIRL MEDIA INC'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

problem; the *quality* of those allegations is. She has failed to allege a clear, unambiguous claim for misrepresentation against New Moon Girl after multiple attempts; the matter should be dismissed.

### III.   CONCLUSION

While Plaintiff has thrown numerous arguments and delightfully florid prose at the Court, she has not addressed nor effectively opposed the issues raise by *this* defendant in *this* motion. For the reasons stated above, and in Plaintiff's opening papers, this motion should be granted without leave to amend. It is more than clear that Plaintiff has alleged facts demonstrating that she was wronged by Fisher and Upper Orbit, if at all, and not by New Moon Girl. It is also more than clear that Plaintiff will *never* be able to amend her complaint to allege that she purchased securities from New Moon Girl, that any misrepresentations or omissions were made to *her* rather than by Fischer, that any of those misrepresentations or omissions were made pursuant to a sale or purchase of securities, or that the statute of limitations hasn't expired. Under those basic facts, all of the causes of action fall like dominos.

Respectfully submitted,

DATED:  September 4, 2013           TOSCHI ▪ SIDRAN ▪ COLLINS ▪ DOYLE

/s/  Thomas M. Crowell
GREGORY M. DOYLE
THOMAS M. CROWELL
Attorney for Defendant
NEW MOON GIRL MEDIA, INC.

8

3: 11-cv-02753-JSW: DEFENDANT NEW MOON GIRL MEDIA INC'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT