KAUFMAN LLC
ALAN H. KAUFMAN
245 Park Avenue, 39th Floor
New York, New York 10167
Telephone:  646-820-6550
Facsimile:   646-820-6568
Appearing Pro Hac Vice

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ROBERT J. STUMPF, JR., Cal. Bar No. 72851
rstumpf@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415-434-9100
Facsimile:   415-434-3947

Attorneys for Plaintiff Suzanne D. Jackson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE D. JACKSON,<br><br>              Plaintiff,<br><br>       vs.<br><br>WILLIAM FISCHER, JON SABES, STEVEN SABES, DAVID GOLDSTEEN, MARVIN SIEGEL, BRIAN CAMPION, LONNIE BOOKBINDER, CHETAN NARSUDE, MANI KOOLASURIYA, JOSHUA ROSEN, UPPER ORBIT, LLC, SPECIGEN, INC., PEER DREAMS INC., NOTEBOOKZ INC., ILEONARDO.COM INC., NEW MOON LLC, MONVIA LLC, and SAZANI BEACH HOTEL,<br><br>              Defendants. | Case No. CV 11-2753 PJH<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STAY PENDING PROCEEDINGS**<br><br>**Date:**        October 30, 2013<br>**Time:**       9:00 a.m.<br>**Location:**  Ctrm 3, Oakland Courthouse<br>**Judge:**      Hon. Phyllis J. Hamilton |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on October 30, 2013, at 9:00 a.m. or as soon thereafter as the matter can be heard, in Courtroom 3 of the United States District Court, Northern District of California, 1301 Clay Street, Oakland, California, 94612, the Honorable Phyllis J. Hamilton presiding, Plaintiff Suzanne D. Jackson will and hereby does move for an order staying these proceedings.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the papers and pleadings on file in this action, and such other papers and oral argument as may be submitted prior to or at the hearing of this motion.

Dated:  September 23, 2013

KAUFMAN LLC

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    */s/ Robert J. Stumpf, Jr.*
          ROBERT J. STUMPF, JR.

Attorneys for Plaintiff
SUZANNE D. JACKSON

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Suzanne D. Jackson respectfully requests that the Court stay further proceedings in this action until the earlier of (1) the Bankruptcy Court's judgment in the Minnesota adversary proceeding *Jackson v. Fischer*, U.S. Bankruptcy Court for the District of Minnesota, Case. No. 12-04183, Kressel, J., scheduled for trial on December 15,[1] (2) the latter court's decision on the Motion to Intervene filed in the adversary proceeding by two defendants in this case: Jon Sabes and Steven Sabes, or (3) any settlement of that action.

The purpose of this motion is to avoid a legal "perfect storm": a collision between the *res judicata* and/or collateral estoppel impacts of the Minnesota action on defendants Fischer, Jon Sabes and Steven Sabes[2] and this Court's decision on the pending motions to dismiss. The possibilities for unnecessary complications, conflicting outcomes in two federal proceedings, vexing appellate constitutional issues[3] and unnecessary burden on the Court include:

(1) A judgment favorable to plaintiff Jackson in the adversary would be *res judicata* on the Exchange Act 10b-5 issues in this proceeding as against defendants from this action who elect to

---

[1] Because of the Sabes' motion to intervene the plaintiff and defendant in Minnesota have asked that court to reschedule the adversary trial to January.

[2] If the Bankruptcy Court grants the motion to intervene, the judgment in that matter would have collateral estoppel/preclusion effects in this action regarding the two Sabes defendants. If other defendants here move to intervene in the adversary and are granted the right to do so, there would also be collateral estoppel impacts on them.

[3] As an example, plaintiff Jackson has elected a jury trial in this case; if she is compelled to trial in Minnesota against J. and S. Sabes (and potentially other defendants from this action who may intervene if the Sabes motion is granted), Jackson would be forced into a jury waived trial against two or more of the defendants in this action, an outcome that she did not elect in the adversary which, at the time of its filing, was solely against William Fischer. That would raise a Seventh Amendment constitutional issue among others that may arise if Jackson is compelled into a bench trial in Minnesota that has preclusive effect in what was meant to be a jury trial here.

intervene in the Minnesota adversary. It could also bring Fischer back into this case as a defendant, with *res judicata* impacts on him; a decision adverse her would also have effects here (particularly as she would have been denied the right to a jury trial against the Sabes defendants because of their intervention), depending on the content of the Minnesota Court's opinion;

(2)     The basis for Motion to Intervene filed by defendants Jon and Steven Sabes (the motion papers in support of which are attached hereto as Exhibit A) is their claim that they "…have a direct, substantial and protectable interest in the subject matter of this [adversary] case." *Id.* at 16.[4]

(3)     Discovery in the adversary both of defendants here and nonparty witnesses is continuing. To date it has yielded substantial facts that merit a further motion to amend by the plaintiff that would potentially moot the pending dismissal motions because the new information bears on all moving parties;

(4)     The Minnesota court hearing on the Intervention will be on November 7, 2013, in just seven weeks.

(5)     If the Sabes (or other new proposed intervenors from this case) are granted the right to intervene, final disposition of the Minnesota adversary will come no later than January or February, 2014. That would either be before this Court's decision is issued on the pending dismissal motions (which could cause a motion to reargue and to resubmit new briefs by any party here, based on the *res judicata* and/or collateral estoppel impacts on the pivotal 10b-5 issue decided there) or alternatively, the Minnesota decision could postdate this Court's disposition of the motions, which could have a material impact and create thorny new appellate issues depending on this Court's decision on the pending dismissal motions.

---

[4]  The Sabes' intervention motion was filed without page numbers. The court-stamped version, stamped at the top of each page, is number used in this motion.

None of these outcomes is desirable, efficient, cost-effective or a prudent use of this Court's resources.

**Background**

This action was filed in June, 2011. Because of the unique provision of the Private Securities Litigation Reform Act ("PSLRA") discovery has been stayed by multiple motions to dismiss filed by several defendants.[5]

On April 11, 2012 defendant William Fischer filed a petition for chapter 7 bankruptcy in Minnesota and notice thereof in this action, staying all proceedings relating to him. On July 12, 2012 plaintiff Jackson initiated an adversary proceeding in that action and the case is set for trial on December 15.

Discovery has been underway in the adversary proceeding and will be completed by the end of December, or earlier, depending on the court's decision on the intervention on November 7. In addition, Jackson and Fischer have held settlement discussions that, if successful, would terminate the matter before a trial takes place.

A combination of cooperative nonparty witnesses and discovery in the bankruptcy case[6] has created a dynamic in which Jackson has gathered a great deal of information of relevance in this action -- and that dynamic will continue to yield material discovery though the end of December.

---

[5] Defendants Waterson and Campion have filed answers and defendants Sazani Beach and Bookbinder have not appeared. Defendant Lamere has evaded service.

[6] Defendants Jon Sabes and Mani Koolasuriya have attempted to block discovery in the bankruptcy proceeding, claiming that it is precluded by the PSLRA. Judge Kressel denied the Sabes effort and his deposition has been taken and document production from Sabes' affiliated company is expected to be completed in early October. A motion to compel Koolasuriya's deposition will be filed shortly in the U.S. Bankruptcy Court for the Northern District of California.

Although the focus of the adversary proceeding is a subset of the issues in this case, one central issue there is pivotal to the outcome of the pending motions here: whether Mrs. Jackson was the victim of fraud or other deception in the sale of securities. Further, substantial material highly relevant to this matter has been gathered and will continue to be collected. Some of that material addresses core issues here: (1) whether there were 10b-5 and Cal. Corp Code 25501 and other violations arising from the securities transactions with Mrs. Jackson and (2) whether the remaining defendants in this action were either complicit in the direct fraud or responsible under section 20(a) of the Exchange Act and sec. 25504 of the Cal. Corp. Code.

The Sabes defendants agree. In their intervention motion they argue that

> … "[s]uch a finding [by the Minnesota court, of materially misleading or fraudulent information having been used to induce Jackson's investments] could have significant consequences for the Intervenors….If the Court [in Minnesota] concludes that [Fischer] made material misrepresentations concerning Specigen, [Jackson] could claim that she has established a primary violation of the securities laws, an essential predicate to her claims against [Jon Sabes and Steven Sabes] in the California Action [this case]." Sabes Intervention Mem. at 16-17.

The Sabes' defendants also argue in their motion that a settlement between Jackson and Fischer"…could also impair the Intervenors' interests, as they would then be Forced to live with the consequences of [Fischer's] admissions in this case." *Id.* at 17.

Further, newly gathered information from discovery in Minnesota and nonparties renders the pending Third Amended Complaint and related dismissal motions outdated, and raises the question of the efficiency and legal consequences of proceeding when potentially dispositive facts will be determined in the Minnesota case in a timeframe parallel to this Court's ruling on the pending dismissal motions. The spectre of a decision by this Court – based on leadings -- conflicting with (within weeks at most) a decision by

the Minnesota court – based on fact findings after a trial -- raises time consuming, costly, daunting and thorny appellate issues.

Disposition of the pending dismissal motions when the plaintiff has three full months of additional discovery remaining in the Minnesota case raises the additional prospect of costly repetition of what has already occurred: the plaintiff moves to amend based on new material; the defendants move to dismiss. Thereafter the plaintiff gathers material new information and amends, and the defendants move to dismiss. That is not what the drafters of the Federal Rules had in mind when Rule 1 was promulgated: "[there rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

An outcome favorable to Mrs. Jackson in the bankruptcy proceeding could be – as the Sabes defendants argue to the court in Minnesota -- dispositive of the 10b-5 issues here[7] and substantially reduce the scope of motion practice and trial for this Court. An unfavorable outcome would also have effect, depending on the content of Judge Kressel's decision.

Conversely, a decision by this Court on the pending dismissal motions would have no collateral estoppel impact in the Minnesota adversary, but could be subject to complex appeals if this Court's determination on pleadings conflicts with the Minnesota court's determination of actual facts.

---

[7] Regardless of the outcome of the Minnesota motion, it is likely that judicial estoppel on the consequences of the outcome of the Minnesota case would apply to the Sabes defendants in this case.

**Grounds for Requested Relief**

As currently postured, the Court will hear argument on September 25 relating to four pending motions to dismiss.

During the timeframe for the above hearing and disposition of the dismissal motions, the following events will occur in the bankruptcy case, all significantly related to this action:

(1) Defendants (in this action) Jon and Steven Sabes will have a decision on their Motion to Intervene in the adversary proceeding determined on November 7 or shortly thereafter;

(2) Discovery in the adversary will continue to the end of December and will include some of the defendants in this case;

(3) Judge Kressel will try the adversary proceeding (that may include the two Sabes defendants from this action if their motion to intervene is granted) and issue a decision; and/or

(4) Jackson and Fischer may settle the adversary.

Each of these events in the bankruptcy case would have a material impact here. Any finding by Judge Kressel relating to "false pretenses, a false representation, or actual fraud" under 11 U.S.C. sec. 523(a)(2)(A) would have a significant bearing on the Exchange Act 10b-5 issues before this Court – as the Sabes defendants admit. Similarly, if the two Sabes defendants in this action intervene and Judge Kressel rules on their conduct,[8] *res judicata* and/or collateral estoppel effect here would ensue.

---

[8] If the intervention motion is granted the plaintiff could elect to implead the Sabes defendants in that case, creating *res judicata* impact on their liability here.

Further, because the central issues in the adversary relate to Fischer's conduct in the sale of *all* of the securities at issue in this case, as well as *all* of the defendants, there could be collateral estoppel impact on an array of facts that bear on any dismissal decision by this Court.

### Relief Requested

For the foregoing reasons the plaintiff respectfully requests that an order enter (1) staying all proceedings relating to the pending dismissal motions until the Minnesota court has disposed of the Sabes' Motion to Intervene and any other such motions filed in Minnesota by defendants in this case; (2) if the Minnesota court grants the motion/s to intervene, staying all proceedings in this action until the /court issues its judgment in the adversary, or (3) if the Minnesota court denies the motion/s to intervene, granting leave to amend within 30 days based on discovery since the filing of the Third Amended Complaint.

Dated:  September 23, 2013

KAUFMAN LLC

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       */s/ Robert J. Stumpf, Jr.*
            ROBERT J. STUMPF, JR.

Attorneys for Plaintiff
SUZANNE D. JACKSON