UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE D. JACKSON,<br>　　　　Plaintiff,<br>　　v.<br>WILLIAM FISCHER, et al.,<br>　　　　Defendants. | Case No. 11-cv-2753-PJH<br><br>**ORDER** |

Before the court is the administrative motion of plaintiff Suzanne Jackson seeking a case management conference ("CMC") to either "consolidate motion practice and establish a sequence of motions to be filed and stay further filings until the conference" or "determine whether a joint or separate statement of undisputed facts be undertaken by the parties in connection with plaintiff's motion for summary judgment." Plaintiff filed the motion on July 7, 2015, and three groups of defendants each filed an opposition, on July 8, 9, and 10, 2015, respectively. Having read the parties' papers and carefully considered their arguments, the court hereby DENIES the motion.

First, except for the request for a CMC, the issues raised in plaintiff's motion are not appropriate for resolution by means of an administrative motion, which pursuant to Civil Local Rule 7-11 is intended for resolution of "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." Plaintiff's request that the court modify its prior order regarding the sequencing of motions does not fall under the category of "miscellaneous administrative matters."

As for the request that the court schedule a CMC, the court sees no necessity for a CMC until the pleadings are settled. Plaintiff seems to be suggesting that the court

should decline to rule on the pending motions to dismiss, and should instead set a schedule for motions for summary judgment without resolving the disputes concerning the pleadings.  That proposal is unacceptable.

The court held a CMC on April 10, 2014.  At that time, the court set a sequence for further motion practice in this case – (1) a consolidated motion for judgment on the pleadings as to whether the third amended complaint (TAC) stated a claim for primary liability against defendant William Fischer; (2) a motion on the issue-preclusive effect of the bankruptcy adjudication as to Fischer; (3) a motion for summary judgment as to the primary liability of Fischer; and (4) a motion for summary judgment as to the secondary liability of the remaining defendants.

Only the first of these motions has been filed and heard.  On March 13, 2015, the court issued an order granting the motion in part and denying it in part.  The court granted leave to amend, largely to allow plaintiff to replead certain claims, incorporating facts that she had attempted to include in her opposition to the motion but which had never been pled in any complaint.  The court also directed plaintiff to remove from the complaint all allegations relating to parties and claims no longer in the case.  Once the fourth amended complaint (4thAC) had been filed, defendants were of course entitled to file further motions to dismiss.  Plaintiff objects to that procedure, for some poorly-articulated reason.

Instead, she wants to move directly to summary judgment, and wants the court to issue an order regarding the filing of either joint or separate statements of undisputed facts.  Taking the second issue first, the undersigned judge does not permit the filing of separate statements of undisputed facts, as plaintiff's counsel would know if they had read the undersigned judge's standard pretrial instructions order on the court's website.  As for joint statements of undisputed facts, the court permits those only if all parties agree that the facts are undisputed.  That is a matter to be resolved among counsel, not an issue to be brought to the court.

As for moving directly to summary judgment, the court will not entertain any motion

2

for summary judgment until the pleadings are settled and the parties have been able to engage in discovery.  Plaintiff, it appears, conducted a considerable amount of discovery in connection with the adversary proceeding in Fischer's Minnesota bankruptcy case.  However, this is a separate action, and the defendants herein were not parties to the adversary proceeding.  In any private action arising under the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B); see Petrie v. Elec. Game Card, Inc., 761 F.3d 959, 966 (9th Cir. 2014).  Thus, while motions to dismiss are pending, the parties may not engage in discovery, and the court will not compel defendants to file a motion for summary judgment (or defend against such a motion) if they have not been afforded the opportunity to conduct the necessary discovery.

It is true that the original complaint in this action was filed more than four years ago.  However, the fact that the case is not yet at issue despite the filing and briefing of multiple rounds of motions is almost entirely attributable to plaintiff's decision to file a complaint asserting multiple claims against multiple unrelated defendants, while also failing to assert facts rather than conclusions and failing to connect the dots.  Plaintiff's inarticulate and largely incomprehensible pleadings have prompted the various responses from defendants and have also hampered the court's ability to move this case forward.

Plaintiff's request is unreasonable and unsupported by law, and is therefore DENIED.

**IT IS SO ORDERED.**

Dated: July 16, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge