UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUZANNE D. JACKSON,

    Plaintiff,

    v.

WILLIAM FISCHER, et al.,

    Defendants.

Case No. 11-cv-2753-PJH

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

    The motion of defendants Jon Sabes, Steven Sabes, and Marvin Siegel for leave to file a motion for reconsideration of the court's September 21, 2015 order is DENIED. Defendants have not shown that a material difference in fact or law exists from that which was presented to the court before entry of the September 21, 2015 order, or that new material facts have emerged or that the law has changed since entry of the order. See Civ. L.R. 7-9(b)(1), (2). They appear to be attempting to assert that reconsideration is warranted because the court failed to consider dispositive legal arguments that were presented before entry of the order, see Civ. L.R. 7-9(b)(3), but that argument fails.

    Defendants claim that the court erred in considering "the evidentiary effect" of the stipulated judgment, because the parties did not brief that issue, and briefed only the "offensive preclusive effect" of the stipulated judgment. They contend that the court improperly concluded that, even though plaintiff failed to meet the heightened pleading requirements of Rule 9(b) and the PSLRA, the stipulated judgment in the adversary proceeding created a factual dispute precluding dismissal. Defendants assert that the

court "should reconsider its September 2015 order based on the controlling law holding that stipulated judgments are not sufficient to meet the pleading requirements of the PSLRA, have no evidentiary effect, and are ultimately just inadmissible hearsay."

Defendants have misconstrued the court's order. In their motion to dismiss, defendants argued that the § 10(b) claims against Fischer should be dismissed for failure to state a claim. Plaintiff's response was that "the issue" of primary liability against Fischer "has been settled" by virtue of Fischer's admission in the stipulated judgment that he defrauded plaintiff in the sale of securities in the defendant companies, and that defendants are barred from challenging the § 10(b) primary liability claims against Fischer under the doctrines of collateral estoppel and res judicata.

The court denied the motion to dismiss the § 10(b) claims against Fischer for failure to state a claim, but also found that "the judgment in the adversary proceeding does not have a preclusive effect on the § 10(b) claim or on any issue relating to the § 10(b) claim." Clearly, the court did <u>not</u> find – as defendants claim – that the stipulated judgment "meets the pleading requirements of the PSLRA."

The court did find that the stipulated judgment was sufficient to create an issue of fact as to whether plaintiff can proceed with this claim against Fischer. However, the defendants were not seeking summary judgment. They were challenging the <u>pleadings</u>. The court's order was issued in relation to a motion to dismiss for failure to state a claim. In that context, to say that there are factual issues that preclude dismissal does not compel a decision with regard to evidentiary proof of the elements of a cause of action. It means that there appear to be factual issues that must be resolved by means of a dispositive motion or a trial, at which time evidence will be presented. Thus, defendants' argument that the stipulated judgment is "inadmissible hearsay" and has "no evidentiary value" is meaningless in the present context.

The court also explained that having issued four lengthy orders on the adequacy of the pleadings, it was unwilling to continue the process, and had determined that the case should go forward with discovery and dispositive motions. Part of what factored into

the court's decision was Fischer's agreement in the adversary proceeding that he had defrauded plaintiff. While plaintiff's allegation of the fact of that agreement is not sufficient to state a claim of primary liability under the PSLRA, the court is not amenable at this point to dismissing the § 10(b) claim against Fischer with prejudice as defendants apparently would prefer.

**IT IS SO ORDERED.**

Dated: October 7, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge