1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         San Francisco Division

11

12   SUZANNE D. JACKSON,                    Case No. 11-cv-02753-PJH  (LB)

                    Plaintiff,

13                                          **DISCOVERY ORDER**
        v.
14                                          Re: ECF No. 335

     WILLIAM FISCHER, et al.,
15
                    Defendants.
16

17

18        The parties raised five discovery disputes in their joint letter brief at ECF No. 335.[1] The court

19   finds the matter suitable for determination (at least preliminarily) without oral argument under

20   Civil Local Rule 7-1(b), addresses the disputes, and sets a case-management conference on June 9,

21   2016, at 11 a.m.

22        First, the parties contest whether the plaintiff responded to the SpeciGen defendants' first set

23   of document requests. The defendants say that she did not serve formal responses; the plaintiff

24   responds obliquely that she has no responsive documents. The defendants doubt that and in any

25   event stand on their right to a formal response. They also argue that the plaintiff waived any

26   objections by failing to timely respond. (*See* ECF No. 335 at 1, 4-5.) On this record, the court

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of documents.

     ORDER (No. 11-cv-02753-PJH (LB))

United States District Court
Northern District of California

concludes that the plaintiff has not responded formally and orders her to do so by Friday, June 3, 2016, at 2 p.m. Pacific Time. As to whether she has waived any objections, first, the plaintiff's response suggests that she will respond (and thus suggests that she will not object), and second, it is only the defendants who say that she will object. The court cannot tell on this record whether she will object. If she does, waiver may be an issue, and there might be relief for untimely objections based on a showing of good cause. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (untimely objections are waived); *Batts v. County of Santa Clara*, No. C 08-00286 JW (HRL), 2010 WL 1027990, at *1 (N.D. Cal. Mar. 18, 2010) (good-cause standard); *Kanawi v. Bechtel Corp.*, No. C 06-05566 CRB (EDL), 2008 WL 4642168, at *1 (N.D. Cal. Oct. 17, 2008); *see also Brown v. Stroud*, No. C-08-02348-VRW (DMR), 2010 WL 3339524, at *1-*2 (N.D. Cal. Aug. 24, 2010). The court will consider waiver and good cause in the context of any objections that the plaintiff actually raises.

Second, the defendants raise the plaintiff's failure to respond formally to their first set of interrogatories. (*See* ECF No. 335 at 1-2.) The issue is the same, and the order is the same: the plaintiff must serve her verified responses by June 3 at 2 p.m. Pacific Time, and the court will consider waiver and good cause in the context of objections that the plaintiff raises.

Third, according to the defendants, the initial disclosures were due in December 2015, and the plaintiff served her damages computation in March 2016, immediately noted errors, and promised to correct them by April 1, 2016. She has not done that yet. (*Id.* at 2, 4-5.) The court orders her to do so by June 3 at 2 p.m.

Fourth, the defendants assert that the plaintiff's document productions were only a reproduction of documents that they produced to her, and they point to specific documents that she did not produce (such as a settlement agreement and documents about investment advice). (*Id.* at 2-5.) The plaintiff says that she has produced all that she has; the defendants note that she actually plans to object to the production based on her disagreement with the district judge's order about the preclusive effect of the judgment in the adversary proceeding. (*Id.* at 4-5.) The plaintiff also hints at her planned motion for a protective order. (*Id.* at 3.) The court again orders the plaintiff to respond formally to the documents request by June 3 at 2 p.m. and raise any objections then. The

United States District Court
Northern District of California

United States District Court
Northern District of California

1    court will consider waiver and good cause on that record. The court's discovery procedures also

2    require the plaintiff to move for any protective order in a joint letter brief filed under the civil

3    events category "Discovery Letter Brief."

4         Fifth, the defendants want pre-lawsuit documents relevant to their statute-of-limitations

5    defense, including documents that may be attorney-client privileged. The plaintiff responds that all

6    documents were produced via a response to a subpoena to her prior counsel. The defendants reply

7    that the plaintiff's response insinuates that she produced privileged documents, but she did not.

8    (*Id.* at 2, 4-5.) Again, the court cannot fashion relief on a record that does not include the

9    plaintiff's formal response to the document requests and her assertion of any objections, including

10   an objection based on attorney-client privilege. The court orders the plaintiff to serve her

11   responses by June 3 at 2 p.m., raise any objections, and provide a privilege log for any withheld

12   documents. The court's standing order at ECF No. 325-1 sets forth its procedures for privilege

13   logs, but the parties may agree to other, less onerous procedures.

14        The court sets a case-management hearing for Thursday, June 9, 2016, at 11 a.m. The parties

15   are directed to update the court in a joint statement of no more than three pages filed no later than

16   noon Pacific Time on June 2, 2016.

17        This disposes of ECF No. 335.

18        **IT IS SO ORDERED.**

19        Dated: May 23, 2016                    _____

20                                               LAUREL BEELER
                                                 United States Magistrate Judge

21

22

23

24

25

26

27

28

ORDER (No. 11-cv-02753-PJH (LB))                    3