UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE D. JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM FISCHER, et al.,<br><br>Defendants. | Case No. 11-cv-02753-PJH<br><br>**ORDER DENYING MOTION FOR RULE 11 SANCTIONS** |

The motion of defendant Joshua Rosen ("Rosen") for sanctions pursuant to Federal Rule of Civil Procedure 11 came on for hearing before this court on January 11, 2017. Plaintiff Suzanne D. Jackson ("Jackson") appeared by her counsel Alan Kaufman and Robert Stumpf, and Rosen appeared by his counsel Mark Peterson and Matthew Cate. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion.

**DISCUSSION**

Under the Private Securities Litigation Reform Act ("PSLRA"), "upon final adjudication of the action, the court shall include in the records specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) . . . as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1). In the present motion, Rosen seeks sanctions against Jackson under Rule 11, for filing a frivolous motion for summary judgment.

A. Legal Standard

Federal Rule of Civil Procedure 11 imposes upon attorneys a duty to certify that they have read any pleadings or motions they file with the court and that such pleadings and motions are well-grounded in fact, have a colorable basis in law, and are not filed for an improper purpose. Fed. R. Civ. P. 11(b); see also Business Guides, Inc. v. Chromatic Comm. Enters., Inc., 498 U.S. 533, 542 (1991). If a court finds Rule 11(b) has been violated, the court may impose appropriate sanctions to deter similar conduct. Fed. R. Civ. P. 11(c)(1); see also Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in district court.").

Nevertheless, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988). Rule 11 sanctions should be reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." Id. at 1344. "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." Id. Courts should "avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11 Advisory Comm. Notes (1993 Amendments).

In addition, Rule 11 provides a 21-day safe harbor period. Sneller v. City of Bainbridge Is., 606 F.3d 636, 638-39 (9th Cir. 2010). That is, Rule 11 sanctions may not be imposed if the challenged claim is withdrawn within 21 days after service of the sanctions motion. Fed. R. Civ. P. 11(c)(2); see also Sneller, 606 F.3d at 639.

B. Defendant's Motion

Rosen argues that Jackson's motion for summary judgment was frivolous, and was also a "thinly-disguised motion for reconsideration," which was untimely and unsubstantiated, and which violated the Local Rules of this court. He seeks sanctions in the form of an award of the attorney's fees and costs he incurred in opposing Jackson's motion and in bringing the present Rule 11 motion.

In opposition, Jackson asserts that the motion should be "stricken" because it is premature, in that under the PSLRA, Rule 11 reviews are to be conducted upon "final adjudication," meaning a "terminating decision" such as a verdict, summary judgment, or dismissal with prejudice.  15 U.S.C. § 78u-4(c)(1); see also Great Dynasty Int'l Fin. Holdings Ltd. v. Haiting Li, 2014 WL 3381416 at *4-5 (N.D. Cal. July 10, 2014).

Jackson also contends that the motion should be "stricken" because Rosen failed to respect her offer to withdraw the motion under the safe-harbor provision of Rule 11(c)(2).  On November 29, 2016, Jackson's counsel sent an email to Rosen's counsel stating,

> For reasons unrelated to your Rule 11 motion and its merits, we will withdraw our summary judgment motion if you will confirm that (1) you will not file the Rule 11 motion or (2) seek compensation for either (a) the cost and fees for the drafting of your Rule 11 motion or (b) the costs and fees for preparation of the merits opposition to our motion, which we presume you have already done or is substantially underway.

Jackson claims that Rosen ignored this offer to withdraw the summary judgment motion, and filed his opposition to the motion one day early – on the evening of November 29 – and then, three days later, on December 2, 2016, filed the Rule 11 motion based on a summary judgment motion that plaintiff had already offered to withdraw.

Finally, Jackson argues that her summary judgment motion was filed for a proper purpose, with no intent to delay, and that it raised legitimate issues.  According to Jackson, the sole purpose of her motion for summary judgment was to "expedite the case and reduce trial time."  She asserts that the motion had an "objective" of "effectuat[ing] a settlement with defendant Fischer – the sole defendant facing a § 10(b) claim," which she contends was "designed to eliminate the unnecessary relitigation of the securities violations that the Jackson-Fischer settlement [in the adversary proceeding] was designed to end."

Jackson contends that the claims in her summary judgment motion were "warranted," in that the settlement (in the adversary proceeding) was "never previously adjudged."  She asserts that the arguments she previously made in opposing defendants'

3

1    motion to dismiss the fourth amended complaint ("4thAC"), with regard to the impacts of
2    res judicata and collateral estoppel on Fischer, were based on the judgment in the
3    adversary proceeding, not on the settlement that preceded the judgment.  She now
4    claims that the Settlement Agreement is the document that is "dispositive of the securities
5    claims" in the present case.

6    Jackson points to two "Whereas" clauses from the Settlement Agreement.  The
7    first of these clauses refers to Fischer having been named as a defendant in the present
8    action, which "contains four counts under the California Corporations Code, three
9    common law counts, two counts under the Securities Act of 1934, and one count under
10   the federal Investment Adviser's Act."  The second of these clauses provides that "the
11   [p]arties . . . wish to settle all disputes between them and enter into this Agreement."

12   Jackson claims that these two clauses make clear that she and Fischer intended
13   to end all litigation in the present case, including the two counts under the Securities
14   Exchange Act of 1934, and that the settlement in the adversary proceeding was also
15   intended as a settlement between herself and Fischer of the claims in the present action.
16   She argues that as a "binding contract," the settlement must be enforced.  She argues
17   that Fischer himself cannot further litigate the securities law claims, and that by settling,
18   Fischer waived any defenses he may have had.

19   The court finds that the motion must be DENIED.  Rosen has not shown that
20   Jackson's summary judgment motion was sufficiently "frivolous" to warrant sanctions
21   under Rule 11.  The arguments made in Jackson's motion are not entirely identical to
22   those made in the prior motions to dismiss the 4thAC, as the Settlement Agreement was
23   not before the court at the time of the 2015 motions (although, as explained in the order
24   denying Jackson's motion for summary judgment, it does not change matters in any
25   essential way).  In addition, in the prior order, the court did not issue a substantive ruling
26   on some aspects of preclusion – particularly issue preclusion – because there had at that
27   point been no discovery and there was no record.

28   The court finds further that making findings pursuant to 15 U.S.C. § 78u-4(c)(1) –

regarding each party's and each attorney's behavior in the case and whether that behavior comported with Rule 11(b) – would be premature at this stage of the litigation, in view of the fact that both Jackson's and Rosen's motions for summary judgment have been denied.

## CONCLUSION

In accordance with the foregoing, the motion for Rule 11 sanctions is DENIED.

**IT IS SO ORDERED.**

Dated:  March 16, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge