Gmail     Ryan Simafranca <simafranca@gmail.com>

## Executed Settlement Agreement
7 messages

**Ryan Simafranca** <ryan@simafranca.com>     Tue, Dec 17, 2013 at 1:36 PM
To: AH Kaufman <akaufman2@kaufmanllc.net>

Alan,

See attached.

Ryan

 **Signed Settlement Agreement.pdf**
393K

---

**AH Kaufman** <akaufman2@kaufmanllc.net>     Tue, Dec 17, 2013 at 4:29 PM
To: Ryan Simafranca <ryan@simafranca.com>

And here is my client's.

I've been alerted that Kressel may edit the judgment himself. Ouch. We'll see.

Alan

Kaufman LLC

245 Park Avenue, 39th Floor
New York, New York 10167

Office:   646-820-6550
Fax:   646-820-6568

In Washington:
Office:   202-642-4655

In Connecticut:
Office:   203-662-6688
Fax:   203-656-0099

Notice: The information contained in this message is confidential, intended solely for the use of the individual or entity named as addressee and is protected by law from discovery. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, forwarding, distribution, copying or unauthorized use of this communication is strictly prohibited. Any unauthorized dissemination, forwarding, distribution, copying or use to any party other than the intended recipient is strictly prohibited. If you have received this communication in error, please promptly notify the sender by telephone. at 646-820-6550. Thank you.

---

From: simafranca@gmail.com [simafranca@gmail.com] On Behalf Of Ryan Simafranca [ryan@simafranca.com]
Sent: Tuesday, December 17, 2013 2:36 PM
To: AH Kaufman

Subject: Executed Settlement Agreement

Alan,

See attached.

Ryan

---

📎 **Jackson executed Fischer settlement.pdf**
2011K

---

**Ryan Simafranca** <ryan@simafranca.com>                                     Tue, Dec 17, 2013 at 8:03 PM
To: AH Kaufman <akaufman2@kaufmanllc.net>

Alan,

The signature page is missing. Why would Judge Kressel revise the Judgment? It seems very straightforward.

Ryan
[Quoted text hidden]

---

**AH Kaufman** <akaufman2@kaufmanllc.net>                                     Tue, Dec 17, 2013 at 9:07 PM
To: Ryan Simafranca <ryan@simafranca.com>

Ryan,

Neither of us should be working this late! Sig. page is attached.

As you know the Faegre people have a large bankruptcy practice and have been before Kressel for years, and Steve Mertz said that Kressel is very quirky and wouldn't necessarily accept the judgment as presented. I don't see how he changes material terms, so I have no idea what he might do, but it is disconcerting -- if parties agree to something it shouldn't be the court's business so long as what they've agreed to conforms to law and the substance of the case. I was just told not to count on him accepting it as presented. We specfiically wrote it to be based on th stipulation and to avoid suggesting that ti was based on any independent findings of the court, to avoid looking like we were tampering with his perogatives.

AK

Kaufman LLC

245 Park Avenue, 39th Floor
New York, New York 10167

Office:     646-820-6550
Fax:        646-820-6568

In Washington:
Office:     202-642-4655

In Connecticut:
Office:     203-662-6688
Fax:        203-656-0099

Notice: The information contained in this message is confidential, intended solely for the use of the individual or entity named as addressee and is protected by law from discovery. If the reader of this message is not the

intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, forwarding, distribution, copying or unauthorized use of this communication is strictly prohibited. Any unauthorized dissemination, forwarding, distribution, copying or use to any party other than the intended recipient is strictly prohibited. If you have received this communication in error, please promptly notify the sender by telephone. at 646-820-6550. Thank you.

From: simafranca@gmail.com [simafranca@gmail.com] On Behalf Of Ryan Simafranca [ryan@simafranca.com]
Sent: Tuesday, December 17, 2013 9:03 PM
To: AH Kaufman
Subject: Re: Executed Settlement Agreement

Alan,

The signature page is missing. Why would Judge Kressel revise the Judgment? It seems very straightforward.

Ryan


On Tue, Dec 17, 2013 at 4:29 PM, AH Kaufman <akaufman2@kaufmanllc.net<mailto:akaufman2@kaufmanllc.net>> wrote:
And here is my client's.

I've been alerted that Kressel may edit the judgment himself. Ouch. We'll see.

Alan

Kaufman LLC

245 Park Avenue, 39th Floor
New York, New York 10167

Office:      646-820-6550<tel:646-820-6550>
Fax:         646-820-6568<tel:646-820-6568>

In Washington:
Office:      202-642-4655<tel:202-642-4655>

In Connecticut:
Office:      203-662-6688<tel:203-662-6688>
Fax:         203-656-0099<tel:203-656-0099>

Notice: The information contained in this message is confidential, intended solely for the use of the individual or entity named as addressee and is protected by law from discovery. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, forwarding, distribution, copying or unauthorized use of this communication is strictly prohibited. Any unauthorized dissemination, forwarding, distribution, copying or use to any party other than the intended recipient is strictly prohibited. If you have received this communication in error, please promptly notify the sender by telephone. at 646-820-6550<tel:646-820-6550>. Thank you.

From: simafranca@gmail.com<mailto:simafranca@gmail.com> [simafranca@gmail.com<mailto:simafranca@gmail.com>] On Behalf Of Ryan Simafranca [ryan@simafranca.com<mailto:ryan@simafranca.com>]
[Quoted text hidden]

 **Jackson settlement signature page.pdf**
3381K

**Ryan Simafranca** <ryan@simafranca.com>  Tue, Dec 17, 2013 at 9:41 PM
To: AH Kaufman <akaufman2@kaufmanllc.net>

Thank you for the signature page. It was a pleasure working with you.

[Quoted text hidden]

---

**Ryan Simafranca** <ryan@simafranca.com>  Wed, Aug 6, 2014 at 5:09 PM
To: AH Kaufman <akaufman2@kaufmanllc.net>

Good afternoon Alan,

Pursuant to Paragraph 2(b) of the Settlement Agreement, I am requesting a Statement as to the amount of the payment due Nov. 30, 2014 and either wiring instructions or an address as to where you would like Mr. Fischer to send a check. Please advise.

Best regards,

Ryan Simafranca
Attorney for William Fischer

---------- Forwarded message ----------
From: **Ryan Simafranca** <ryan@simafranca.com>
Date: Tue, Dec 17, 2013 at 1:36 PM
Subject: Executed Settlement Agreement
To: AH Kaufman <akaufman2@kaufmanllc.net>


Alan,

See attached.

Ryan

**Signed Settlement Agreement.pdf**
393K

---

**Ryan Simafranca** <ryan@simafranca.com>  Wed, Aug 6, 2014 at 5:11 PM
To: william fischer <wfischer1@yahoo.com>

The amount of the payment will be $50k plus 2% simple interest on the outstanding balance. In order to avoid any confusion, I requested that Alan prepare a Statement for you to pay pursuant to Paragraph 2(b) of the Settlement Agreement. I will keep you informed.


---------- Forwarded message ----------
From: **Ryan Simafranca** <ryan@simafranca.com>
Date: Wed, Aug 6, 2014 at 5:09 PM
Subject: Fwd: Executed Settlement Agreement
To: AH Kaufman <akaufman2@kaufmanllc.net>


Good afternoon Alan,

Pursuant to Paragraph 2(b) of the Settlement Agreement, I am requesting a Statement as to the amount of the payment due Nov. 30, 2014 and either wiring instructions or an address as to where you would like Mr. Fischer to send a check. Please advise.

Best regards,

Ryan Simafranca
Attorney for William Fischer

---------- Forwarded message ----------
From: **Ryan Simafranca** <ryan@simafranca.com>
Date: Tue, Dec 17, 2013 at 1:36 PM
Subject: Executed Settlement Agreement
To: AH Kaufman <akaufman2@kaufmanllc.net>


Alan,

See attached.

Ryan

**Signed Settlement Agreement.pdf**
393K

## ---CONFIDENTIAL---
## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is hereby entered into as of this 6th day of December, 2013 by and between Plaintiff Suzanne D. Jackson ("Plaintiff" or "Mrs. Jackson"), and Defendant William R. Fischer ("Defendant" or "Mr. Fischer"). Plaintiff and Defendant may be referred to collectively hereafter as the "Parties."

## RECITALS

WHEREAS, prior to the Parties' adversary proceeding, Mr. Fischer was named as a defendant in a case in the United States District Court for Northern California, Jackson v. Fischer, et al, case no. 11-CV-2753-PJH (the "California Litigation"), which is still pending, contains four counts under the California Corporations Code, three common law counts, two counts under the Securities Act of 1934, and one count under the federal Investment Adviser's Act;

WHEREAS, Mr. Fischer filed his chapter 7 petition with the United States Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court") on April 11, 2012 (Case No. 12-42128), which stayed the California Litigation against him pursuant to 11 U.S.C. § 362(a)(1). Mrs. Jackson was the only creditor listed in Mr. Fischer's bankruptcy schedules;

WHEREAS, Mrs. Jackson initiated an adversary proceeding by filing a complaint in the Bankruptcy Court on July 17, 2012 (Adv. No. 12-04183) (the "Adversary Proceeding") seeking a determination that Mr. Fischer's debt to her is non-dischargeable. The complaint in the Adversary Proceeding contains two causes of action: (i) under 11 U.S.C. § 523(a)(2)(A) for false pretenses, false representations and actual fraud and (ii) under 11 U.S.C. § 523(a)(4) for embezzlement and larceny. The two counts relate to multiple investments made by Mr. Fischer using Mrs. Jackson's funds in the privately held companies known as Specigen, Inc., New Moon Media, Inc., PeerDreams, Inc., and Notebookz, Inc. as well as a Cayman Islands entity known as CII and a hotel in Tanzania known as the Sazani Beach Hotel; and

WHEREAS, the Parties have, by the effective date of this Agreement, conducted the investigations, interviews and discovery they deem appropriate to evaluate their legal positions in the Adversary Proceeding and wish to settle all disputes between them and enter into this Agreement.

NOW THEREFORE, in consideration of the foregoing, and of the promises and mutual covenants contained herein, and other valuable consideration, it is hereby covenanted and agreed:

1



1.  <u>Recitals</u>. The Parties agree that the foregoing recitals are true and correct and hereby incorporate the same as if fully set forth herein.

2.  <u>Financial Consideration</u>.

    (a)  Mr. Fischer agrees to pay Mrs. Jackson the total sum of $500,000.00 US Dollars (hereafter, the "Settlement Amount"), as follows:

    | Payment Due Date | Amount of Principal Payment |
    | --- | --- |
    | December 15, 2013 | $25,000 |
    | January 1, 2014 | $10,000 |
    | November 30, 2014 | $50,000 |
    | November 30, 2015 | $50,000 |
    | November 30, 2016 | $50,000 |
    | November 30, 2017 | $50,000 |
    | November 30, 2018 | $50,000 |
    | November 30, 2019 | $50,000 |
    | November 30, 2020 | $50,000 |
    | November 30, 2021 | $50,000 |
    | November 30, 2022 | $65,000 |

    <u>The initial payment shall be due on the later of the date set forth above or within 5 days after the Bankruptcy Court enters a stipulated judgment against Mr. Fischer in the Adversary Proceeding, with subsequent payments coming on the dates set forth above.</u>

    (b)  Mr. Fischer will make all payments via electronic funds transfer to a bank account designated by Mrs. Jackson. There will be no penalty for prepayment of the Settlement Amount in part or in full, and Mrs. Jackson agrees that she will consider any reasonable proposal by Mr. Fischer for prepayment, at any time during the above payment period, provided that the Parties can agree on the terms and conditions of such prepayment. Simple interest in the amount of 2% will accrue for each payment after the initial payments totaling $35,000.00. 60 days prior to each subsequent payment, Mrs. Fischer will send a statement for the principal and interest to the email address he designates for that purpose, with a copy to his counsel, Ryan Simafranca, Esq.

    (c)  As an essential part of this Agreement, Mr. Fischer will agree to stipulate, upon execution of this Agreement, to the entry of a judgment for the non-dischargeability of Mrs. Jackson's $8,250,000.00 claim against him based upon the applicability of 11 U.S.C. § 523(a)(2)(A), in the form attached hereto as Appendix A. The Parties agree that Mrs. Jackson will file the stipulation for judgment against Mr. Fischer after execution of this Agreement. However, in settlement of said judgment, Mrs. Jackson hereby agrees to accept a compromise amount of <u>$500,000.00 plus interest as set forth in Sections 2(a) and 2(b) (the "Settlement Payments"), provided that the Settlement Payments</u> are made in a timely manner, and in combination with compliance with the other terms and conditions of this Agreement.

2



3.      Release

(a.)    In exchange for Mr. Fischer's promise to pay the Settlement Amount pursuant to the payment schedule in Section 2 and upon the completion of the Settlement Payments and compliance with the other terms and conditions of this Agreement, Mrs. Jackson agrees to, and thereupon will, release, acquit, and forever discharge Mr. Fischer from any and all claims and settle any and all claims against Mr. Fischer, whether direct or indirect, fixed or contingent, known or unknown, which Mrs. Jackson ever had, has, or may claim to have, for, upon, or by reason of any matter, act or thing prior to the date of this Agreement.

(b)     Mrs. Jackson hereby acknowledges that Mr. Fischer did not embezzle or steal (i.e., larceny claim) any investment funds from her and the entry of judgment will include a dismissal of her claim of embezzlement and larceny brought pursuant to 11 U.S.C. § 523(a)(4).
Mrs. Jackson, including any of her agents or assigns, also agrees to refrain from filing any future civil or criminal complaint against Mr. Fischer or voluntarily communicating and/or cooperating, in any manner with any third party civil or criminal investigation or prosecution of Mr. Fischer for any reason. Mrs. Jackson acknowledges that this Agreement, upon completion of its terms and conditions, is in full accord and satisfaction of any and all claims that Mrs. Jackson has or had against Mr. Fischer as of the date of this Agreement. In the event that Mrs. Jackson, or any of her agents or assigns, hereafter files any complaint with any civil (other than in event of default of this agreement) or criminal governmental authorities, or voluntarily communicates and/or cooperates in any manner with any third party civil or criminal investigation of Mr. Fischer, Mrs. Jackson agrees to pay Mr. Fischer up to $200,000.00 to cover any attorney's fees actually incurred by Mr. Fischer to defend against such third party civil and/or criminal complaint.

4.      Event of Mr. Fischer's Default and Notice and Opportunity to Cure. If Mr. Fischer defaults on any of the Settlement Payments, Mrs. Jackson, or her attorney, agent, representative, successor or assign, will send notice ("Default Notice") of such Payment Default via U.S. Mail to Mr. William Fischer, 2751 Hennepin Ave. S., No. 3, Minneapolis, MN 55408, or to such email or other physical address that he hereafter designates in writing, as well as to his attorney, Ryan D. Simafranca, Simafranca Law Office, 7040 Lakeland Ave. N., Suite 111, Brooklyn Park, MN 55428. Mr. Fischer will have the right to cure any and all such Payment Defaults for a period of four months after delivery Default Notice (the "Cure Period"); provided that, at Mrs. Jackson's sole discretion, extensions to the Cure Period may be granted upon presentation by Mr. Fischer of the reasons for such Payment Default and a plan, acceptable to Mrs. Jackson, of a substitute payment date. Delivery of the Default Notice will be deemed to have been given on the third day following the date on which such notice is postmarked, or on the actual date of transmission of notice by email, whichever is applicable. Upon the occurrence of a Payment Default that has not been cured within the Cure Period, including any extensions to the Cure Period that Mrs. Jackson may grant, the total judgment amount against Mr. Fischer of $8,250,00.00 will become immediately due and owing, and Mrs. Jackson may proceed to enforce and collect said judgment against Mr.

3



Fischer. The Cure Period and related right to cure relates exclusively to the Settlement Payments. The other terms of this Agreement remain in effect independent of the Cure Period.

5. Submission of documents: Within fifteen business days from the execution of this Agreement, Mr. Fischer will provide Mrs. Jackson, through her designated counsel, all documents not already provided in the Adversary Proceeding that are in his possession, custody and control relating to the subject matter or the defendants in the California Litigation, including but not limited to their officers, directors, consultants, investors, lenders, legal advisers or other parties. If Mr. Fischer hereafter discovers or comes into possession of any such additional documents he will promptly provide them to Mrs. Jackson.

6. Cooperation: Mr. Fischer will, upon reasonable advance notice, cooperate with counsel for Mrs. Jackson by making himself available in person in Minneapolis, Minnesota, or other location mutually agreeable to the Parties, and/or by telephone, to respond to questions about his knowledge of facts, defendants (including their location), known or potential witnesses and events relating to the subject matter and defendants in the California Litigation.

7. Voluntary Appearance for Deposition: Upon reasonable notice, Mr. Fischer will make himself available in person in Minneapolis, Minnesota, or other location mutually agreeable to the Parties, for further deposition by counsel to Mrs. Jackson without the need for a subpoena, unless a subpoena is legally required.

8. Voluntary Appearance at Trial: If the California Litigation results in a trial, and counsel to Mrs. Jackson believes that testimony by Mr. Fischer is appropriate, Mr. Fischer will, upon reasonable notice, voluntarily appear as a witness and will, regardless of where he is situated at the time, accept any subpoena for his testimony and/or records issued by Mrs. Jackson's attorneys that may be required by court rules for said appearance at trial as a witness. Mrs. Jackson agrees to reimburse Mr. Fischer for reasonable travel and lodging expenses in the event she requires his appearance at trial. As requested by counsel to Mrs. Jackson under this Section 8 and Section 7, Mr. Fischer will make himself available for discussion in person or by telephone, as determined by counsel to Mrs. Jackson, in advance of deposition or appearance as a witness at trial.

9. Notice of Contacts: If Mr. Fischer, his counsel or other representatives are contacted about or relating to either the Adversary Proceeding or the California Litigation by any person other than Mrs. Jackson or her representatives and counsel, whether or not that person be a party to the California Litigation or legal counsel to or investigator or intermediary for such party, Mr. Fischer, his counsel and/or representative will promptly notify counsel for Mrs. Jackson and, pursuant to Section 6 above, make themselves available for discussion about the subject matter of each such contact.

4

10. <u>Mutual General Release and Waiver of Claims</u>. Subject to and with the exception of their respective obligations and the terms herein, the Parties hereby absolutely and unconditionally waive, release, acquit and forever discharge each other along with their respective current and former attorneys, family members, agents, insurers, successors, heirs, assigns, managers, governors, members, officers, directors, shareholders, employees, and other representatives, from any and all claims, demands, causes of action and the like between Mrs. Jackson and Mr. Fischer, accrued or not accrued. The Parties understand and agree that nothing herein shall be construed as an admission of liability by Mr. Fischer except as stated in <u>Section 2(c)</u> of this Agreement and the Stipulation for Judgment, Appendix A.

11. <u>Effective Dates and Dismissal</u>. Upon execution <u>of this Agreement,</u> the Parties will promptly execute a <u>stipulation of judgment, in the form attached hereto as Appendix A, that provides for the entry of judgment against Mr. Fischer by the Bankruptcy Court, stating that Mr. Fischer owes a non-dischargeable debt in the amount of $8,250,000.00 to Mrs. Jackson due to his admitted violation of 11 U.S.C. § 523(a)(2)(A). Subject</u> to compliance with the terms of <u>Section 2, Mrs. Jackson shall file a notice of satisfaction of such judgment with the</u> Bankruptcy Court <u>within 14 days of the completion of Mr. Fischer's payment of the Settlement Payments.</u>

12. <u>Entire Agreement</u>. This Agreement constitutes the complete and final understanding between the Parties, and other promises, contracts, or agreements, either express or implied, are superseded by this Agreement, and no other promise, contract, or agreement either express or implied shall be binding unless signed in writing by the Parties hereto.

13. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts and each executed counterpart shall be as effective as a signed original.

14. <u>Successors and Assigns</u>. This Agreement shall be binding upon and inure to the benefit of all Parties and their respective representatives, predecessors, heirs, successors, and assigns.

15. <u>Law and Jurisdiction</u>. This Agreement shall be governed by and construed in accordance with Minnesota law.

16. <u>Enforceability of Agreement</u>. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and such illegal, unenforceable, or invalid part, term, or provision will be deemed not to be part of this Agreement.

17. <u>Waiver</u>. No claim or right arising out of a breach or default under this Agreement can be discharged by a waiver of that claim or right unless the waiver is in writing signed by the party hereto to be bound by such waiver. A waiver by any party of a breach or

5



default of the other party of any provision of this Agreement will not be deemed a waiver of future compliance of such provision, and such provision shall remain in full force and effect.

18.   Survival. The terms and obligations contained in this Agreement will remain in full force and effect following the execution of this Agreement.

19.   Construction. This Agreement shall not be construed more strictly against one party than against any other by virtue of the fact that the Agreement may have been drafted or prepared by counsel for one of the parties, it being recognized that all parties to this Agreement have contributed substantially and materially to the negotiations and preparation of this Agreement.

20.   Representation by Counsel. The Parties acknowledge that they have each been represented in the above-referenced matter by their respective attorneys and have had an opportunity to fully consult with their respective attorneys.

21.   Confidentiality. This Agreement is confidential and this obligation to respect its confidentiality applies to the Parties as well as their counsel, agents, successors and assigns. No such person will disclose or discuss the terms of this Agreement other than to their spouses, counsel or to a federal or state court or agency and then, only if required to do so by said court or
Agency or, at the election of Mrs. Jackson, as she deems appropriate in connection with other pending litigation against third parties. The sole other exception will be in case either party believes it important to disclose the fact of settlement without discussion or disclosure of its contents. As to the latter limited disclosure of the existence (not the terms) of this settlement, any party making such disclosure will advise the other party, in writing, of the time, purpose and to whom the fact of settlement has been disclosed.

The undersigned have each read the foregoing Agreement, and have had adequate opportunity to review it with their respective legal counsel of their choosing, if any, and attest that they fully understand and accept the Agreement, and further attest that they have voluntarily entered into this agreement, without reservation.

Date: _____          _____
                               Mrs. Suzanne D. Jackson

Date: 12/6/2013                _____
                               Mr. William R. Fischer

---CONFIDENTIAL---
SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is hereby entered into as of this 6th day of December, 2013 by and between Plaintiff Suzanne D. Jackson ("Plaintiff" or "Mrs. Jackson"), and Defendant William R. Fischer ("Defendant" or "Mr. Fischer"). Plaintiff and Defendant may be referred to collectively hereafter as the "Parties."

## RECITALS

WHEREAS, prior to the Parties' adversary proceeding, Mr. Fischer was named as a defendant in a case in the United States District Court for Northern California, Jackson v. Fischer, et al, case no. 11-CV-2753-PJH (the "California Litigation"), which is still pending, contains four counts under the California Corporations Code, three common law counts, two counts under the Securities Act of 1934, and one count under the federal Investment Adviser's Act;

WHEREAS, Mr. Fischer filed his chapter 7 petition with the United States Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court") on April 11, 2012 (Case No. 12-42128), which stayed the California Litigation against him pursuant to 11 U.S.C. § 362(a)(1). Mrs. Jackson was the only creditor listed in Mr. Fischer's bankruptcy schedules;

WHEREAS, Mrs. Jackson initiated an adversary proceeding by filing a complaint in the Bankruptcy Court on July 17, 2012 (Adv. No. 12-04183) (the "Adversary Proceeding") seeking a determination that Mr. Fischer's debt to her is non-dischargeable. The complaint in the Adversary Proceeding contains two causes of action: (i) under 11 U.S.C. § 523(a)(2)(A) for false pretenses, false representations and actual fraud and (ii) under 11 U.S.C. § 523(a)(4) for embezzlement and larceny. The two counts relate to multiple investments made by Mr. Fischer using Mrs. Jackson's funds in the privately held companies known as Specigen, Inc., New Moon Media, Inc., PeerDreams, Inc., and Notebookz, Inc. as well as a Cayman Islands entity known as CII and a hotel in Tanzania known as the Sazani Beach Hotel; and

WHEREAS, the Parties have, by the effective date of this Agreement, conducted the investigations, interviews and discovery they deem appropriate to evaluate their legal positions in the Adversary Proceeding and wish to settle all disputes between them and enter into this Agreement.

NOW THEREFORE, in consideration of the foregoing, and of the promises and mutual covenants contained herein, and other valuable consideration, it is hereby covenanted and agreed:

1. **Recitals.** The Parties agree that the foregoing recitals are true and correct and hereby incorporate the same as if fully set forth herein.

2. Financial Consideration

    (a)   Mr. Fischer agrees to pay Mrs. Jackson the total sum of $500,000.00 US Dollars (hereafter, the "Settlement Amount"), as follows:

| Payment Due Date | Amount of Principal Payment |
|---|---|
| December 15, 2013 | $25,000 |
| January 1, 2014 | $10,000 |
| November 30, 2014 | $50,000 |
| November 30, 2015 | $50,000 |
| November 30, 2016 | $50,000 |
| November 30, 2017 | $50,000 |
| November 30, 2018 | $50,000 |
| November 30, 2019 | $50,000 |
| November 30, 2020 | $50,000 |
| November 30, 2021 | $50,000 |
| November 30, 2022 | $65,000 |

The initial payment shall be due on the later of the date set forth above or within 5 days after the Bankruptcy Court enters a stipulated judgment against Mr. Fischer in the Adversary Proceeding, with subsequent payments coming on the dates set forth above.

    (b)   Mr. Fischer will make all payments via electronic funds transfer to a bank account designated by Mrs. Jackson. There will be no penalty for prepayment of the Settlement Amount in part or in full, and Mrs. Jackson agrees that she will consider any reasonable proposal by Mr. Fischer for prepayment, at any time during the above payment period, provided that the Parties can agree on the terms and conditions of such prepayment. Simple interest in the amount of 2% will accrue for each payment after the initial payments totaling $35,000.00. 60 days prior to each subsequent payment, Mrs. Fischer will send a statement for the principal and interest to the email address he designates for that purpose, with a copy to his counsel, Ryan Simafranca, Esq.

    (c)   As an essential part of this Agreement, Mr. Fischer will agree to stipulate, upon execution of this Agreement, to the entry of a judgment for the non-dischargeability of Mrs. Jackson's $8,250,000.00 claim against him based upon the applicability of 11 U.S.C. § 523(a)(2)(A), in the form attached hereto as Appendix A. The Parties agree that Mrs. Jackson will file the stipulation for judgment against Mr. Fischer after execution of this Agreement. However, in settlement of said judgment, Mrs. Jackson hereby agrees to accept a compromise amount of $500,000.00 plus interest as set forth in Sections 2(a) and 2(b) (the "Settlement Payments"), provided that the Settlement Payments are made in a timely manner, and in combination with compliance with the other terms and conditions of this Agreement.

3.   Release

    (a.)   In exchange for Mr. Fischer's promise to pay the Settlement Amount pursuant to the payment schedule in Section 2 and upon the completion of the Settlement Payments and compliance with the other terms and conditions of this Agreement, Mrs. Jackson agrees to, and



2

thereupon will, release, acquit, and forever discharge Mr. Fischer from any and all claims and settle any and all claims against Mr. Fischer, whether direct or indirect, fixed or contingent, known or unknown, which Mrs. Jackson ever had, has, or may claim to have, for, upon, or by reason of any matter, act or thing prior to the date of this Agreement.

(b)  Mrs. Jackson hereby acknowledges that Mr. Fischer did not embezzle or steal (i.e. larceny claim) any investment funds from her and the entry of judgment will include a dismissal of her claim of embezzlement and larceny brought pursuant to 11 U.S.C. § 523(a)(4). Mrs. Jackson, including any of her agents or assigns, also agrees to refrain from filing any future civil or criminal complaint against Mr. Fischer or voluntarily communicating and/or cooperating, in any manner with any third party civil or criminal investigation or prosecution of Mr. Fischer for any reason. Mrs. Jackson acknowledges that this Agreement, upon completion of its terms and conditions, is in full accord and satisfaction of any and all claims that Mrs. Jackson has or had against Mr. Fischer as of the date of this Agreement. In the event that Mrs. Jackson, or any of her agents or assigns, hereafter files any complaint with any civil (other than in event of default of this agreement) or criminal governmental authorities, or voluntarily communicates and/or cooperates in any manner with any third party civil or criminal investigation of Mr. Fischer, Mrs. Jackson agrees to pay Mr. Fischer up to $200,000.00 to cover any attorney's fees actually incurred by Mr. Fischer to defend against such third party civil and/or criminal complaint.

4.  **Event of Mr. Fischer's Default and Notice and Opportunity to Cure.** If Mr. Fischer defaults on any of the Settlement Payments, Mrs. Jackson, or her attorney, agent, representative, successor or assign, will send notice ("Default Notice") of such Payment Default via U.S. Mail to Mr. William Fischer, 2751 Hennepin Ave S., No. 3, Minneapolis, MN 55408, or to such email or other physical address that he hereafter designates in writing, as well as to his attorney, Ryan D. Simafranca, Simafranca Law Office, 7040 Lakeland Ave. N., Suite 111, Brooklyn Park, MN 55428. Mr. Fischer will have the right to cure any and all such Payment Defaults for a period of four months after delivery Default Notice (the "Cure Period"); provided that, at Mrs. Jackson's sole discretion, extensions to the Cure Period may be granted upon presentation by Mr. Fischer of the reasons for such Payment Default and a plan, acceptable to Mrs. Jackson, of a substitute payment date. Delivery of the Default Notice will be deemed to have been given on the third day following the date on which such notice is postmarked, or on the actual date of transmission of notice by email, whichever is applicable. Upon the occurrence of a Payment Default that has not been cured within the Cure Period, including any extensions to the Cure Period that Mrs. Jackson may grant, the total judgment amount against Mr. Fischer of $8,250,00.00 will become immediately due and owing, and Mrs. Jackson may proceed to enforce and collect said judgment against Mr. Fischer. The Cure Period and related right to cure relates exclusively to the Settlement Payments. The other terms of this Agreement remain in effect independent of the Cure Period.

5  Submission of documents. Within fifteen business days from the execution of this Agreement, Mr. Fischer will provide Mrs. Jackson, through her designated counsel, all documents not already provided in the Adversary Proceeding that are in his possession, custody and control relating to the subject matter or the defendants in the California Litigation, including



3

but not limited to their officers, directors, consultants, investors, lenders, legal advisers or other parties. If Mr. Fischer hereafter discovers or comes into possession of any such additional documents he will promptly provide them to Mrs. Jackson.

6.  Cooperation: Mr. Fischer will, upon reasonable advance notice, cooperate with counsel for Mrs. Jackson by making himself available in person in Minneapolis, Minnesota, or other location mutually agreeable to the Parties, and/or by telephone, to respond to questions about his knowledge of facts, defendants (including their location), known or potential witnesses and events relating to the subject matter and defendants in the California Litigation.

7.  Voluntary Appearance for Deposition. Upon reasonable notice, Mr. Fischer will make himself available in person in Minneapolis, Minnesota, or other location mutually agreeable to the Parties, for further deposition by counsel to Mrs. Jackson without the need for a subpoena, unless a subpoena is legally required.

8.  Voluntary Appearance at Trial: If the California Litigation results in a trial, and counsel to Mrs. Jackson believes that testimony by Mr. Fischer is appropriate, Mr. Fischer will, upon reasonable notice, voluntarily appear as a witness and will, regardless of where he is situated at the time, accept any subpoena for his testimony and/or records issued by Mrs. Jackson's attorneys that may be required by court rules for said appearance at trial as a witness. Mrs. Jackson agrees to reimburse Mr. Fischer for reasonable travel and lodging expenses in the event she requires his appearance at trial. As requested by counsel to Mrs. Jackson under this Section 8 and Section 7, Mr. Fischer will make himself available for discussion in person or by telephone, as determined by counsel to Mrs. Jackson, in advance of deposition or appearance as a witness at trial.

9.  Notice of Contacts: If Mr. Fischer, his counsel or other representatives are contacted about or relating to either the Adversary Proceeding or the California Litigation by any person other than Mrs. Jackson or her representatives and counsel, whether or not that person be a party to the California Litigation or legal counsel to or investigator or intermediary for such party, Mr. Fischer, his counsel and/or representative will promptly notify counsel for Mrs. Jackson and, pursuant to Section 6 above, make themselves available for discussion about the subject matter of each such contact.

10. **Mutual General Release and Waiver of Claims.** Subject to and with the exception of their respective obligations and the terms herein, the Parties hereby absolutely and unconditionally waive, release, acquit and forever discharge each other along with their respective current and former attorneys, family members, agents, insurers, successors, heirs, assigns, managers, governors, members, officers, directors, shareholders, employees, and other representatives, from any and all claims, demands, causes of action and the like between Mrs. Jackson and Mr. Fischer, accrued or not accrued. The Parties understand and agree that nothing herein shall be construed as an admission of liability by Mr. Fischer except as stated in Section 2(e) of this Agreement and the Stipulation for Judgment, Appendix A.

11. Effective Dates and Dismissal. Upon execution of this Agreement, the Parties will promptly execute a stipulation of judgment, in the form attached hereto as Appendix A, that



4

provides for the entry of judgment against Mr. Fischer by the Bankruptcy Court, stating that Mr. Fischer owes a non-dischargeable debt in the amount of $8,250,000.00 to Mrs. Jackson due to his admitted violation of 11 U.S.C. § 523(a)(2)(A). Subject to compliance with the terms of Section 2, Mrs. Jackson shall file a notice of satisfaction of such judgment with the Bankruptcy Court within 14 days of the completion of Mr. Fischer's payment of the Settlement Payments.

12. **Entire Agreement.** This Agreement constitutes the complete and final understanding between the Parties, and other promises, contracts, or agreements, either express or implied, are superseded by this Agreement, and no other promise, contract, or agreement either express or implied shall be binding unless signed in writing by the Parties hereto.

13. **Counterparts.** This Agreement may be executed in any number of counterparts and each executed counterpart shall be as effective as a signed original.

14. **Successors and Assigns.** This Agreement shall be binding upon and inure to the benefit of all Parties and their respective representatives, predecessors, heirs, successors, and assigns.

15. **Law and Jurisdiction.** This Agreement shall be governed by and construed in accordance with Minnesota law.

16. **Enforceability of Agreement.** Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and such illegal, unenforceable, or invalid part, term, or provision will be deemed not to be part of this Agreement.

17. **Waiver.** No claim or right arising out of a breach or default under this Agreement can be discharged by a waiver of that claim or right unless the waiver is in writing signed by the party hereto to be bound by such waiver. A waiver by any party of a breach or default of the other party of any provision of this Agreement will not be deemed a waiver of future compliance of such provision, and such provision shall remain in full force and effect.

18. **Survival.** The terms and obligations contained in this Agreement will remain in full force and effect following the execution of this Agreement.

19. **Construction.** This Agreement shall not be construed more strictly against one party than against any other by virtue of the fact that the Agreement may have been drafted or prepared by counsel for one of the parties, it being recognized that all parties to this Agreement have contributed substantially and materially to the negotiations and preparation of this Agreement.

20. **Representation by Counsel.** The Parties acknowledge that they have each been represented in the above-referenced matter by their respective attorneys and have had an opportunity to fully consult with their respective attorneys.

21. **Confidentiality.** This Agreement is confidential and this obligation to respect its



5

confidentiality applies to the Parties as well as their counsel, agents, successors and assigns. No such person will disclose or discuss the terms of this Agreement other than to their spouses, counsel or to a federal or state court or agency and then, only if required to do so by said court or Agency or, at the election of Mrs. Jackson, as she deems appropriate in connection with other pending litigation against third parties. The sole other exception will be in case either party believes it important to disclose the fact of settlement without discussion or disclosure of its contents. As to the latter limited disclosure of the existence (not the terms) of this settlement, any party making such disclosure will advise the other party, in writing, of the time, purpose and to whom the fact of settlement has been disclosed.

The undersigned have each read the foregoing Agreement, and have had adequate opportunity to review it with their respective legal counsel of their choosing, if any, and attest that they fully understand and accept the Agreement, and further attest that they have voluntarily entered into this agreement, without reservation.

Date: 12/15/13

Mrs. Suzanne D. Jackson

Date: _____

Mr. William R. Fischer

6

dms.us.53217015.01